**Aubrey STEPHENS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41543.**

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Charles H. Winston, Odessa, for appellant.

Jack Q. Tidwell, Dist. Atty., Bruce Bangert, Asst. Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for felony theft, and the punishment was assessed at two years.

The first ground urged as error is: "that the indictment reading '1966 Chevrolet Impala' and the proof showing a 1966 Chevrolet Impala automobile was a fatal variance."

The allegation describing the property as "one 1966 Chevrolet Impala" designated an automobile which is commonly known by that name and was sufficiently definite to apprise appellant of the nature of the charge against him; and the proof showing a 1966 Chevrolet Impala automobile was not a fatal variance with the allegations of the indictment. Arts. 21.09 and 21.11, Vernon's Ann.C.C.P. Ground of error No. 1 is overruled.

The second ground of error is that there is a fatal variance in the indictment alleging William Henry Wade as the injured party, and the proof that the injured party was William Harrison Wade.

A mistake in the use of the middle name in alleging the injured party may be disregarded and treated as immaterial. The mistake as to the middle name did not, under the facts, constitute a variance or raise a question of identity. 40 Tex.Jur.2d 374, Sec. 4; 1 Branch 2d 469, Sec. 482; 15 A.L.R.2d 974.

The judgment is affirmed.