James Larkin **HIGHTOWER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44628.

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

R. H. Stauffacher, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Erwin Ernst, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of murder with malice, where the jury assessed the punishment at nineteen years.

Sentence was imposed on February 13, 1970, and notice of appeal was given. On September 4, 1970, appellant filed a pauper's oath and counsel on appeal was appointed.[1] On the same date, the court ordered the court reporter to prepare a "statement of facts in question and answer forms of the testimony in said cause."

Court appointed counsel for appeal, Honorable R. H. Stauffacher, Jr., states in appellant's brief that after a careful and diligent review of the record in this cause and the law applicable thereto, that this appeal is of a frivolous nature and without merit. Appellant's brief was filed in the trial court and counsel certifies that a copy of same was deposited in the U. S. Mail, Certified Return Receipt Requested, to appellant.

Counsel, in light of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, sets forth in appellant's brief two contentions that might arguably support the appeal.

■ Appellant's brief notes that the victim's middle name was not spelled correctly in the indictment. The indictment shows the victim's name to be "Ruby Neil Rand," whereas, the testimony reflects the correct spelling of the middle name is "Nell." No objection was made as to the variance and no prejudice to appellant was shown. Further, a mistake in the middle name of the injured party may be disregarded and treated as immaterial, where the variance does not raise a question of identity. Stephens v. State, Tex.Cr.App., 433 S.W.2d 428; 1 Branch's 2d 469, Sec. 482. We perceive no error.

■ Our attention is next directed to the autopsy report. Counsel points out that proof necessary to the conviction is contained therein. Complaint is made that same was not properly authenticated before it was offered into evidence. No objection was made to its introduction in the trial court after counsel for appellant had an opportunity to inspect same. There being no objection to its introduction into evidence, nothing is presented for review. Parsley v. State, Tex.Cr.App., 453 S.W.2d 475; Garcia v. State, Tex.Cr.App., 428 S.W.2d 334.

After an examination of the record before us, we find ourselves in agreement with counsel's observation that the appeal is frivolous and without merit.

The judgment is affirmed.

Opinion approved by the Court.

1. The record reflects appellant was represented by retained trial counsel.