**Joel E. WHITE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48169.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Allen F. Cazier, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DICE, Commissioner.

Appellant was convicted upon his plea of guilty to the court, a jury having been waived, of the offense of felony theft, and his punishment was assessed at confinement in the Department of Corrections for a term of four (4) years.

In separate grounds of error appellant insists that in charging the offense the indictment is fatally defective in three particulars.

The indictment, omitting the formal parts, charged that on the date alleged the appellant:

"did then and there unlawfully and fraudulently take ONE (1) PICK UP TRUCK over the value of $50.00 from the possession of LEONARD ALLE-MAN, hereinafter called complainant, the owner thereof, without the consent of the complainant and with the intent then and there on the part of the said defendant, to deprive the said complainant of the value of the same, and with the intent to appropriate the said property to the use and benefit of him, the said defendant; . . ."

Appellant first insists that the indictment is fatally defective because the subject of the taking was not alleged to have been "corporeal personal property" of the complainant, which words are in the

statutory definition of "theft" in Art. 1410, Vernon's Ann.P.C.

It is appellant's contention that omission of the words "corporeal personal property" in the indictment was a failure to charge an essential element of the offense.

In the early case of Sansbury v. State, 4 Tex. Court of Appeals 99 (1878), this Court held that the failure to describe the property in a theft indictment as "corporeal personal property" was not fatal when it was referred to in the indictment as "property" of the owner.

In upholding the indictment the court said:

"The rule is that, 'in an indictment for an offense created by statute, though it is not in general necessary to follow the exact words of the statute descriptive of the offense, yet, where a word not in the statute is substituted for one that is, the word thus substituted must be equivalent to the word used in the statute, or (if restrictive of general words used in the same connection) of a more extensive signification than it, and include it, or it will not be sufficient.' The State v. Wapperman, [Wupperman] 13 Texas, 33. Now, the word 'property' is of more extensive signification than the words 'corporeal personal property,' and it includes the latter description of property of every character."

See Lucero v. State, Tex.Cr.App., 502 S.W.2d 750 (1973).

■ It is next contended that the description of the property in the indictment as "one (1) pick up truck" did not sufficiently describe the same as to name, kind and quality because a more complete description was known to the District Attorney and grand jury. Art. 21.09, Vernon's Ann.C.C.P., is cited by appellant, which provides that in describing property in an indictment "a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient." We find no merit in this contention as this Court has held similar descriptions of

property to be sufficient. See Ward v. State, Tex.Cr.App., 446 S.W.2d 304, where the description was "one automobile"; Stephens v. State, Tex.Cr.App., 433 S.W.2d 428, "one 1966 Chevrolet Impala"; Kirkland v. State, Tex.Cr.App., 489 S.W.2d 298, "one oxygen container"; Mays v. State, Tex.Cr.App., 428 S.W.2d 325, "one (1) television set"; and Beland v. State, 160 Tex.Cr.R. 351, 271 S.W.2d 430, "one camera."

■ Appellant lastly contends that the indictment is fatally defective because the offense is not set forth in plain and intelligible words as required by Art. 21.02(7), V.A.C.C.P. We find no merit in the contention as the indictment was drawn substantially in the language of the statute defining theft, Art. 1410, supra, which is ordinarily sufficient under the decisions of this Court. Neill v. State, Tex.Cr.App., 225 S.W.2d 829; Bass v. State, Tex.Cr.App., 427 S.W.2d 624; and Lopez v. State, Tex.Cr.App., 494 S.W.2d 560.

The grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.