Maurice McELROY, Appellant,

v.

The STATE of Texas, Appellee.

No. 49956.

Court of Criminal Appeals of Texas.

June 4, 1975.

Rehearing Denied Oct. 15, 1975.

Second Rehearing Denied Nov. 12, 1975.

McMillan & Lewellan, Stephenville, for appellant.

Bob Glasgow, Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The conviction is for aggravated assault under the new penal code; the punishment, assessed by the jury, two (2) years' imprisonment.

Appellant and four companions were in an apartment complex parking lot, sitting on the back of a pickup, drinking. David Hale arrived and appellant and two companions got in Hale's car. Gary Eoff approached the car with the drinks and ice and asked Hale where he wanted them. Appellant said, "Leave me alone." Eoff again asked Hale where he wanted to put the ice and drinks and again appellant said, "Leave me alone." Eoff told appellant he was not talking to him. Hale and another companion placed the ice on the front floorboard, while a third man put the drinks in the back seat. Appellant again told Eoff, "Leave me alone."

While Eoff was handing the ice and beverages to the men in the car, appellant got out and placed his drink on the top of the car. Appellant then struck at Eoff twice with a knife. Eoff ran from appellant and discovered that his shirt was torn and that his chest was cut.

In his first ground of error, appellant contends the court erred in overruling his motion to quash the indictment. The indictment reads as follows:

". . . did then and there unlawfully, intentionally and knowingly use a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capa-

ble of causing death or serious bodily injury, and did then and there cause bodily injury to Gary Allen Eoff, by cutting him with said knife."

Appellant argues that the indictment fails to charge that he committed an assault. It is appellant's position that alleging the use of a weapon which results in serious bodily injury is not sufficient.

An assault is defined as follows:

"A person commits an offense if he intentionally, knowingly, or recklessly causes bodily injury to another, . . ." V.T. C.A., Penal Code, Sec. 22.01(a)(1).

The assault becomes aggravated if the assailant "uses a deadly weapon." V.T. C.A., Penal Code, Sec. 22.02(a)(3). See, also, V.T.C.A., Penal Code, Sec. 1.07(a)(11)(B) which defines deadly weapons as follows:

"(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

■ The indictment follows the language of both statutes here involved. These statutes contain the elements necessary for the commission of the offense. Under these circumstances, an indictment which tracks the statutory language describing the offense is sufficient. *White v. State*, Tex.Cr. App., 505 S.W.2d 258; *Ames v. State*, Tex. Cr.App., 499 S.W.2d 110. No error is shown.

Appellant's second ground of error is that the court failed to charge the jury on simple assault. Appellant argues that such a charge was necessary because a knife is not a deadly weapon per se. Appellant relies on *Matheson v. State*, Tex.Cr.App., 508 S.W.2d 77, where this Court held that in a murder prosecution, if the weapon used is not deadly per se and the issue of lack of intent to kill is raised by the evidence, a charge on aggravated assault is required.

■ Appellant's contention is without merit. Although a pocket knife is not a deadly weapon per se, *Abels v. State*, Tex. Cr.App., 489 S.W.2d 910, it can certainly

qualify as such through the manner of its use. V.T.C.A., Penal Code, Sec. 1.07(a)(11), (13).

Further, although *Matheson* dealt with the deadly weapon question, the problem actually addressed was whether or not the issue of lack of intent to kill had been raised by the evidence. Here we face the same problem. Has appellant raised the issue of simple assault so as to be entitled to an appropriate charge?

■ Dr. Terrell, who treated the injury, testified the weapon used by appellant was capable of causing death and could be a deadly weapon through the manner of its use. He further testified that the stab wound was six inches long, penetrated to the cartilage of the rib cage, and required approximately thirty sutures to close it.

Appellant offered no evidence that the assault was not committed, or that it was nor committed with a knife, *or that the knife was not used in such a manner as to render it a deadly weapon.*

The court did not err in denying appellant's requested charge on simple assault, for the same was not raised by the evidence. *McBrayer v. State*, Tex.Cr.App., 504 S.W.2d 445.

In his third ground of error, appellant complains that the court's charge is a comment on the weight of the evidence in that it instructs the jury that the knife is a deadly weapon, a fact issue which the jury must decide. The pertinent part of the charge reads as follows:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Maurice McElroy, on or about the 26th day of April, 1974, in the County of Erath, and State of Texas, as alleged in the indictment, did then and there intentionally or knowingly use a deadly weapon, to-wit: a knife, that in the manner of its use was capable of causing death or serious bodily injury, and did then and there cause bodily inju-

ry to Gary Allen Eoff, by cutting him with said knife, you will find the defendant guilty of the offense of aggravated assault and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, 'Not Guilty.' "

■ The charge must be viewed as a whole, its parts cannot be challenged and reviewed individually. *Mathis v. State*, Tex.Cr.App., 504 S.W.2d 448. In a preceding paragraph of the charge we find the definition of a deadly weapon in accordance with Sec. 1.07(a)(11), V.T.C.A., Penal Code. Construed in light of this instruction, the paragraph complained of does not declare that the knife used was a deadly weapon. The court charges the jury that they must find beyond a reasonable doubt that a deadly weapon was used; then restricts the jury by repeating the definition thereof and applying it to the instrument used. No error is shown.

■ In his fourth ground of error, appellant contends the trial court erred in failing to define "serious bodily injury" as that term is used in the definition of deadly weapon. The court's charge contains the following definition:

" 'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

Appellant's contention is without merit.

■ In his fifth ground of error, appellant contends the court erred in charging that voluntary intoxication does not constitute a defense to the commission of crime. Appellant argues that intoxication could bear on the ability to form the intent to commit an act, and the jury should be so instructed.

The jury was instructed in accordance with Sec. 8.04, V.T.C.A., Penal Code. No error is shown.

■ In his sixth ground of error, appellant contends that the court erred in permitting the State to introduce a previous conviction at the punishment stage, and denying appellant the right to show a subsequent court order setting aside the probated sentence and dismissing the indictment.

In *Bermudez v. State*, Tex.Cr.App., 504 S.W.2d 868, we held that where a defendant questioned a records clerk about an arrest record in an attempt to show that the defendant had had only limited contact with the police, the State was properly permitted to introduce the entire contents of the arrest and investigation reports involving the defendant. Under this holding, and the provision of Art. 38.24, Vernon's Ann.C. C.P., the action of the trial court was clearly error.

Appellant did not apply for probation, and the range of punishment for this offense is two to ten years, with the possibility of a $5,000 fine. Since appellant's punishment in this instance was the least possible assessment, we cannot believe that he was harmed by the trial court's action. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In his final ground of error, appellant contends that the court erred in allowing the prosecutor to cross-examine appellant's character witnesses in a "have you heard" fashion about a charge filed against appellant in 1970 because it was not shown that a conviction resulted in that instance.

■ "Have you heard" questions, which confront a character witness with acts inconsistent with the reputation testified to, are not objectionable on the grounds that the conduct referred to did not result in a conviction. *Patrida v. State*, Tex.Cr.App., 506 S.W.2d 209; *Gaines v. State*, Tex.Cr. App., 481 S.W.2d 835.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DOUGLAS, Judge.

Judge Brown in the original opinion correctly disposed of the case when he wrote that aggravated assault was alleged in two ways but in view of the dissent the following will be noted.

Section 22.01(a)(1), V.T.C.A. Penal Code, provides that a person commits an offense (of assault) if he "intentionally, knowingly, or recklessly, causes bodily injury to another."

Section 22.02(a)(3), V.T.C.A. Penal Code, provides that the assault becomes aggravated if the assailant uses a deadly weapon.

The indictment alleges that appellant "did then and there unlawfully, intentionally and knowingly use a deadly weapon. . . ." It also alleges that appellant ". . . did then and there cause bodily injury to Gary Allen Eoff, by cutting him with said knife. . . ."

The dissent would hold that intentionally and knowingly was not alleged in connection with the use of the knife or bodily injury.

A reading of that portion of the indictment set out in the dissent is enough in itself to see that it alleges that appellant knowingly and intentionally assaulted Eoff with a deadly weapon and caused bodily injury to Eoff by cutting him with a knife. The indictment alleges that appellant

". . . did then and there unlawfully, intentionally and knowingly use a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death or serious bodily injury, and did then and there cause bodily injury to Gary Allen Eoff, by cutting him with said knife."

A similar contention by the dissent was urged in a dissent in *Clark v. State*, Tex.Cr. App., 527 S.W.2d 292 (1975), and was rejected. That case held that an indictment

should be construed as a whole. In the present case only one sentence has to be construed.

*Williams v. State*, 524 S.W.2d 73 (Tex.Cr. App.1975), is cited by the dissent as being squarely in point. It is not in point and is not applicable. Williams was convicted for aggravated robbery. There the indictment alleged that Williams used a deadly weapon in committing theft. For the offense to have been aggravated robbery, one of two other elements was required. The indictment did not allege either additional element. Without setting out the other elements in full, one of the following was required: (1) that the defendant caused bodily injury to another, or (2) that he threatened or placed another in fear of imminent bodily injury or death. Neither element of the offense of aggravated robbery was alleged and for that reason the conviction was reversed.

The appellant's motion for rehearing is overruled.

ROBERTS, Judge (dissenting).

In his Motion for Rehearing, appellant again attacks the sufficiency of the indictment. The majority overrule his motion in a written opinion, but our attention has been directed to the recent case of *Williams v. State*, 524 S.W.2d 73 (Tex.Cr.App.1975) which would appear to me to dictate a result different from that reached by us on original submission.

Appellant was convicted of aggravated assault under the new Penal Code. His punishment was assessed by the jury at two years' imprisonment.

Appellant and four companions were in an apartment complex parking lot, sitting on the back of a pickup, drinking. David Hale arrived and appellant and two companions got in Hale's car. Gary Eoff approached the car with the drinks and ice and asked Hale where he wanted them. Appellant said, "Leave me alone." Eoff again asked Hale where he wanted to put the ice and drinks and again appellant said,

"Leave me alone." Eoff told appellant he was not talking to him. Hale and another companion placed the ice on the front floorboard, while a third man put the drinks in the back seat. Appellant again told Eoff, "Leave me alone."

While Eoff was handing the ice and beverages to the men in the car, appellant got out and placed his drink on the top of the car. Appellant then struck at Eoff twice with a knife. Eoff ran from appellant and discovered that his shirt was torn and that his chest was cut.

In his Motion for Rehearing, appellant vigorously reurges his contention that the trial court erred in overruling his motion to quash the indictment. The pertinent portions of the indictment read as follows:

". . . did then and there unlawfully, intentionally and knowingly use a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death or serious bodily injury, and did then and there cause bodily injury to Gary Allen Eoff, by cutting him with said knife."

Appellant argues that the requisite mental culpability for assault was not alleged in the indictment. He contends that alleging the unlawful use of a deadly weapon is not sufficient. An assault is defined as follows:

"A person commits an offense if he intentionally, knowingly, or recklessly causes bodily injury to another, . . ." V.T. C.A., Penal Code, Sec. 22.01(a)(1).

To be guilty of aggravated assault,

"A person commits an offense if he commits assault as defined in Section 22.01 of this code and he . . . uses a deadly weapon." V.T.C.A., Penal Code, Sec. 22.-02(a)(3).

The indictment properly alleged the use of a deadly weapon, V.T.C.A., Penal Code, Sec. 1.07(a)(11)(B), but did not include the requisite allegations of culpability for an assault.

The example is made of a surgeon who uses a scalpel, which, in the manner of its use and intended use, is capable of causing

death or serious bodily injury. Yet, should his patient suffer serious bodily injury on the operating table, the surgeon would not be guilty of aggravated assault since he did not "intentionally, knowingly, or recklessly" cause the injury. Yet the indictment in the instant case would support a conviction of the surgeon for aggravated assault upon proof of such facts.

The recent case of *Williams v. State*, 524 S.W.2d 73 (Tex.Cr.App.1975) is squarely on point. It involved a conviction for aggravated robbery wherein the indictment alleged as follows:

".  .  . on or about the 5TH day of JANUARY, A.D., 1974, ROGER WILLIAMS, hereinafter called defendant, did then and there intentionally and knowingly use and exhibit a deadly weapon namely: A PISTOL, to DALE STEVENSON, hereinafter called complainant, while the same defendant was in the act of committing theft of property, namely: A WALLET, from said complainant, the owner of said property, without the effective consent of the said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property;  .  .  ."

V.T.C.A., Penal Code, Sec. 29.03 provides that a person must first commit robbery before he can be convicted of aggravated robbery. And Sec. 29.02 of the new Penal Code defines "robbery" as follows:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

It will be seen that the indictment in *Williams* properly alleged the commission of a theft and the use of a deadly weapon, but omitted to allege the intentional or knowing threats or causation of bodily injury required for robbery. This defect required reversal and dismissal of the indictment.

Likewise, in the case at bar, the indictment omits to allege all of the constituent elements of the assault which is claimed to be aggravated. Nor does the clause, ".  .  . a knife, that in the manner of its use and intended use was capable of causing death or serious bodily injury, .  .  .", which distinguishes the instant case from Williams, supra, provide the needed allegations of culpability. The clause obviously relates to the type of weapon used. Moreover, the "manner of its use and intended use" refers only to the *capabilities* of the weapon, not to the actual use to which it was put.

For examples of indictments properly alleging aggravated assault, see Morrison and Blackwell, New Penal Code Forms, Sec. 22.02A, p. 22 and 2 Texas Ann.Penal Stat. with Forms (Branch's 3rd Ed.), Sec. 22.02, p. 186.

For the foregoing reasons, I would grant appellant's Motion for Rehearing and order the judgment reversed and the indictment dismissed.

ODOM, J., joins in this dissent.