Benjamin MARKHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00118–CR.

Court of Appeals of Texas,
San Antonio.

April 21, 1982.

David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Alan E. Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C. J., and BUTTS and CLARK, JJ.

### OPINION

BUTTS, Justice.

This is an appeal from a conviction for aggravated assault. A jury found appellant guilty and assessed punishment at ten years' imprisonment.

■ Appellant attacks the court's charge to the jury in his first ground of error. Asserting fundamental error for the first time on appeal, he argues that the court's charge fails to include the necessary culpable mental states as alleged in the indictment. The indictment, in pertinent part, alleges that appellant did then and there:

knowingly and intentionally use a deadly weapon, namely: a gun, and did then and there knowingly and intentionally cause bodily injury to Gennell Porter, hereinafter called complainant, by shooting the said complainant with said deadly weapon.

In applying the law to the facts of the case the trial court charged the jury:

Now, if you find from the evidence beyond a reasonable doubt, that in Bexar County, Texas, on or about the 22nd day of July, A.D., 1979, the defendant, Benjamin Markham, *did intentionally or knowingly commit an assault* on Gennell Porter by use of a deadly weapon, to-wit: a gun, by shooting the said complainant and thereby cause bodily injury to the said Gennell Porter, as alleged in the indictment, you will find the defendant guilty as charged. (Emphasis added.)

Tex.Penal Code Ann. § 22.01(a) (Vernon 1980) provides, in pertinent part, that a person commits an offense if he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another ...

Tex.Penal Code Ann. § 22.02(a) (Vernon 1980) provides: A person commits an offense if he commits assault as defined in § 22.01 of this code and he:

(4) uses a deadly weapon.

Thus, in the instant case, it is clear that the proof must show that appellant intentionally or knowingly committed the assault, and that he elevated the offense to aggravated assault by use of a gun.

■ A jury charge which omits an essential element of the offense as alleged in the indictment is fundamentally defective. *Sattiewhite v. State*, 600 S.W.2d 277, 284 (Tex.Cr.App.1980). The discussion of fundamental error in the court's charge as set forth in *Sattiewhite*, on the State's motion for rehearing, is a treatise on this subject.

■ Examination of the jury charge as a whole in the instant case shows that the jury was instructed on the meaning of these terms: knowingly, intentionally, aggravated assault, bodily injury, and deadly weapon. The proof included evidence of the shooting of complainant with a gun, which resulted in bodily injury to her. Unlike the

allegations of the indictment in *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975), which read as follows, in pertinent part:

"... did then and there unlawfully, intentionally and knowingly use a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death or serious bodily injury, and *did then and there cause bodily injury* to Gary Allen Eoff, by cutting him with a knife, ..." (Emphasis added.)

the indictment in the present case fails to give rise to a valid challenge. Overriding a strong dissent, the majority in *McElroy* determined that indictment did not contain error despite no allegation of a culpable mental state preceding "cause bodily injury." Therefore, this jury charge meets not only the less demanding *McElroy* majority standard but also the more stringent rules enunciated by the *McElroy* dissent. Moreover, the jury charge's failure to follow the indictment's exact wording presents no fundamental error in this case. We note this proper wording: " ... the defendant ... did intentionally or knowingly commit an assault by use of a deadly weapon, to-wit: a gun ..." What follows is merely descriptive of the kind of assault: "by shooting the said complainant and thereby cause (sic) bodily injury ...." The jury was plainly instructed that they must find the appellant intentionally or knowingly committed an assault by shooting complainant, thereby causing bodily injury.

■ When fundamental error in the jury charge is urged, it must be determined whether the error was calculated to injure the rights of the defendant, or whether he has been denied a fair and impartial trial. *Thomas v. State*, 599 S.W.2d 812, 814 (Tex. Cr.App.1980). Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1980). We do not find fundamental error, nor was there deprivation of a fair trial resulting from this jury charge. The ground of error is overruled.

In his second ground of error appellant contests the sufficiency of the evidence to prove that he knowingly and intentionally caused bodily injury to the complainant.

The record discloses that appellant and Porter began arguing on a street corner outside the Corner Bar. The subject of the argument was disputed by Porter and appellant, both of whom testified at trial. A third person, Gerald Erving, who also testified, joined Porter, who had moved away from the corner, and tried to determine why the other two were arguing. Appellant then caught up with those two, and another argument ensued. Both complainant and Erving testified that appellant ran home to the immediately adjacent "Courts," a housing project. They stated he returned at once with a gun and fired it three times. Porter testified, "... the last time is when he got me ... when he got up close. It ricocheted and went through the back of my leg ... and out the side of my leg."

Appellant denied being present at the scene. It was the defense's theory that Erving or another person had done the shooting. The witness Erving testified: "He was treating her with disrespect and cussing me out, and then, he ran off and got a gun and shot her and told me that he should have shot me." Erving denied having a pistol in his hand at any time during the episode. Appellant's mother testified appellant was at home all evening watching television.

■ The jury, or trial judge in a trial before the court, is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by State or defense witnesses. *Daniels v. State*, 600 S.W.2d 813, 815 (Tex.Cr. App.1980); *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Cr.App.1978). It is clear that the jury in the instant case believed the version of the shooting as told by the State's witnesses, Porter and Erving.

■ Appellant's argument that the specific intent to kill was not proved because the proof did not show that he pointed the gun at Porter must fail. In an aggravated assault case, as here, specific intent to kill has no place in the proof. In fact, it is in homicide cases where the evidence raises the issue of *lack of intent to kill* that a jury

instruction on the lesser included offense of aggravated assault must be given, and failure to so instruct when requested to do so is reversible error. *Matheson v. State*, 508 S.W.2d 77, 80 (Tex.Cr.App.1974). Thus, we do not reach and have no need to address appellant's further contention that the presumption of intent to kill, which arises when a deadly weapon per se is used, is unconstitutional.

Proof of a culpable mental state often is based upon circumstantial evidence. *Wilson v. State*, 605 S.W.2d 284, 286 (Tex. Cr.App.1980); *Dillon v. State*, 574 S.W.2d 92 (Tex.Cr.App.1978). Further, the defendant's intent may be inferred from the means used and the wounds inflicted. *Hartman v. State*, 507 S.W.2d 553, 557 (Tex.Cr.App.1974). Intent may be inferred from the acts, words, and conduct of the accused. *Romo v. State*, 593 S.W.2d 690, 693 (Tex.Cr.App.1980). Intent is a question of fact to be determined by the trier of facts from all the facts and circumstances in evidence. *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex.Cr.App.1974). We conclude the jury found that appellant had the requisite culpable mental state and the evidence supported that finding. We overrule the second ground of error.

The judgment is affirmed.