Michael Ray BUNTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00543–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 3, 1984.

Vincent Callahan, San Antonio, for appellant.

Sam Milsap, Jr., Dist. Atty., Patrick Moran, Edward F. Shaughnessy, III, Asst. Dist. Attys., San Antonio, for appellee.

Before CANTU, REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a conviction for aggravated sexual abuse. Appellant waived a jury trial; the trial court found him guilty and levied an eighteen year sentence.

The sole ground of error asserted is that although the evidence was sufficient to support a conviction for sexual abuse, it was insufficient to prove aggravated sexual abuse. Appellant argues that the evidence does not show he compelled submission and participation by use of acts, words or deeds which placed prosecutrix in fear of death or serious bodily injury.

The aggravating elements of the offense of sexual abuse are provided in TEX.PENAL CODE ANN. § 21.05(a)(2) (Vernon Supp.1982–83) (provisions controlling on date of offense). It provides, in pertinent part:

A person commits an offense if he commits sexual abuse as defined in Section 21.04 of this code ... and he ... by acts, words, or deeds places the victim in fear of death, serious bodily injury or kidnapping to be imminently inflicted on anyone....

The record reveals that as prosecutrix was starting her car in a parking lot, appellant appeared at her still open left front door. Holding a knife, angled at her, he instructed her to move over. She complied. Appellant held the knife to her back with his right hand as he drove the car with his left hand. With the knife against her back, he instructed her to unzip his fly, take out his penis and kiss it.

Prosecutrix stated she complied with appellant's demands because she was afraid she would be hurt. In response to defense attorney's question as to what force appellant used when he asked her to kiss his genitals, prosecutrix responded, "the point of a knife in my back." The record reveals that prosecutrix testified at several points

that she was afraid appellant was going to use the knife on her. Prior to appellant forcing her to submit to the deviate act, she asked him if he wanted to hurt her. Although he responded "no," prosecutrix testified, "I think that I believed that he didn't want to hurt me, but ... I didn't believe that he wouldn't hurt me."

Prosecutrix was able to escape from the car by stepping on the accelerator when she realized the knife was no longer pressed against her back. She ran to the car behind her and the driver of that car testified, "she was so harassed and hysterical she lost her shoes ... she was hollering, 'Help me! Help me!'"

■ In reviewing the sufficiency of the evidence, the evidence must be viewed in a light most favorable to the verdict of the trier of fact. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983). In the case at bar, the trial court was the sole judge of the weight of the evidence and the credibility of the witnesses. *Johnson v. State*, 571 S.W.2d 170 (Tex.Crim.App.1978); *Markham v. State*, 635 S.W.2d 153 (Tex.App.— San Antonio 1982, pet. ref'd). If there is any evidence in the record which, if believed, establishes the guilt of the appellant beyond a reasonable doubt, the conviction should be upheld. *Combs v. State*, 643 S.W.2d 709 (Tex.Crim.App.1982).

■ Appellant argues that without threatened serious bodily injury, a conviction for aggravated sexual abuse cannot stand, citing *Rogers v. State*, 575 S.W.2d 555, 558 (Tex.Crim.App.1979). We agree. However, as *Rogers* makes clear, a threat can be communicated by action or conduct as well as by words. *Id. See also Berry v. State*, 579 S.W.2d 487 (Tex.Crim.App. 1979).

■ Appellant summarizes three Texas Court of Criminal Appeals opinions where, although the evidence made out the simple offense under the penal code, convictions for the aggravated offense were reversed for insufficiency of the evidence: *Rucker v. State*, 599 S.W.2d 581 (Tex.Crim.App. 1979); *Rogers, supra; Blount v. State*, 542

S.W.2d 164 (Tex.Crim.App.1976). The facts of this case do not fall within the principles established by the above cases. In *Rucker*, *Rogers* and *Blount*, the Court placed great emphasis on the fact that no weapon was used in the commission of the offense.

After a discussion of cases dealing with the proof necessary for a finding of a threat of serious bodily injury, the Court states in *Rogers:*

> In each case where this Court held the evidence was sufficient to support a conviction ... there was a showing that a gun or knife was used, or a threat to kill the victim was made, or serious bodily injury was inflicted, or a combination of two or more of these factors.

*Rogers*, 575 S.W.2d at 559.

In *Blount*, Judge Onion concurs with the reversal of a conviction for aggravated rape because of insufficient evidence to support the aggravation element. Central to his concurrence is the absence of any evidence which showed a knife was exhibited to the prosecutrix thereby causing her to submit. *Blount*, 542 S.W.2d at 166–68.

Prosecutrix complied with appellant's instructions while a knife was pressing against her back. She testified she did so out of fear of being injured with the knife. Clearly the evidence is sufficient to support the conviction for aggravated sexual abuse.

The judgment of the trial court is affirmed.

TIJERINA, Justice, dissenting.

I respectfully dissent.

Appellant, in his sole ground of error, complains that the evidence was insufficient to support the conviction for aggravated sexual abuse. TEX.PENAL CODE ANN. § 21.05 (Vernon Supp.1982–83). Aggravated sexual abuse as amended effective September 1, 1981, provides in pertinent part, viz:

> (A) A person commits an offense if he commits sexual abuse as defined in Section 21.04 of this code of sexual abuse of a child as defined in Section 21.10 of this code and he:

> (1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

> (2) by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone; or

> (3) by acts, words, or deeds occurring in the presence of the victim threatens to cause death, serious bodily injury, or kidnapping to be inflicted on anyone; or

> (4) uses or exhibits a deadly weapon in the course of the same criminal episode; or

> (5) the victim is younger than 14 years.

This section of the Penal Code was repealed effective September 1, 1983. Act of June 19, 1983, ch. 977, § 12, 1983 Tex.Gen. Laws, p. 5321. The offense in this case occurred on January 6, 1983. Therefore, the disposition of this case is controlled by TEX.PENAL CODE ANN. §§ 21.04 & 21.05 (Vernon Supp.1982–83).

Appellant concedes that there is sufficient evidence to support a conviction for sexual abuse under TEX.PENAL CODE ANN. § 21.04, *supra*. However, he specifically complains of insufficient evidence to prove that he compelled submission or participation by force and by threats communicated by acts, words, or deeds that placed the complainant in fear of death, serious bodily injury, or kidnapping, to be imminently inflicted.

The standard for reviewing a sufficiency of the evidence question requires a determination, after viewing the evidence in the light most favorable to the prosecution, of whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim.App.1981). Proof beyond a reasonable doubt is essential under the due process clause of the Fourteenth Amendment.

*In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). "When such a conviction [that was obtained even when no rational trier of fact could have found guilt beyond a reasonable doubt] occurs in a state trial, it cannot constitutionally stand." *Jackson v. Virginia*, 443 U.S. at 317–18, 99 S.Ct. at 2788–89.

Appellant's version of the facts, which is uncontradicted, established that there were no verbal threats to cut her with the knife, and that the complainant was not physically injured. The police officer testified he did not see any bruises, torn clothing, or other evidence that the complainant was in a struggle. It is apparent that the conviction for aggravated sexual abuse was predicated on the fact that appellant exhibited a knife. *See Hargrove v. State*, 579 S.W.2d 238, 239 (Tex.Crim.App.1979).

A knife is not a deadly weapon per se. *Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim.App.1978). The State must therefore prove that the knife is a deadly weapon through the manner of its use, its size and shape, and its capacity to produce death or serious bodily injury. *Alvarez v. State*, 566 S.W.2d 612, 614 (Tex.Crim.App.1978). Serious bodily injury is defined in part, as injury that causes protracted loss or impairment of the function of any bodily member or organ. TEX.PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974). In this case, the knife was not offered in evidence and there was no testimony describing the knife or its size; the evidence is wholly insufficient to prove that the knife was a deadly weapon. *Beller v. State*, 635 S.W.2d 739, 740 (Tex.Crim.App.1982).

*The complainant testified that appellant told her he did not want to hurt her.* Appellant did hold the knife to her back but he never used it to stab her nor did he threaten to cut her. Concededly, a threat can be communicated by actions, words, and deeds. *Seaton v. State*, 564 S.W.2d 721, 724 (Tex.Crim.App.1978). But the *Seaton* case was overruled by *Rucker v. State*, 599 S.W.2d 581, 586 (Tex.Crim.App. 1979) (On State's Motion for Rehearing), which provides the more exact standard:

"Absent an express verbal threat, evidence was sufficient to prove aggravated rape, when a gun, knife, or a deadly weapon was used, or serious bodily injury was in fact inflicted." *Rogers v. State*, 575 S.W.2d 555 (Tex.Crim.App.1979) was cited with approval, but the analogous reference to the use of a knife indicated in *Rogers* and *Rucker* was predicated on the proven facts in *Church v. State*, 552 S.W.2d 138 (Tex.Crim. App.1977), where the defendant threatened the victim by placing the knife to her throat. One of the essential elements of the offense charged by indictment in the instant case was that appellant did then and there intentionally and knowingly, by acts, words, and deeds, placed the complainant in fear of serious bodily injury to be imminently inflicted. The acts, words, and deeds in this case are not sufficient to support an inference of a threat to cause serious bodily injury to be imminently inflicted. Thus, I find from the record insufficient evidence to prove beyond a reasonable doubt the aggravating circumstances necessary to support a conviction for aggravated sexual abuse, i.e., that appellant used or intended to use the knife so as to inflict serious bodily harm or death. *See Tisdale v. State*, —— S.W.2d ——, No. 743–83 (Tex.Crim.App., June 6, 1984) (not yet reported); *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983).

Accordingly, I would reverse and remand for resentencing pursuant to TEX.PENAL CODE ANN. § 21.04 (Vernon Supp.1982–83) (sexual abuse). *See Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).