W.G. THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–017–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1986.

Sybil J. Carr, Houston, for appellant.

Michael J. Guarino, Richard H. Branson, Galveston, for appellee.

Before PAUL PRESSLAR, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury for the offense of attempted murder. The court assessed punishment at seven years' confinement in the Texas Department of Corrections. Appellant objects on appeal to the trial court's admission of a certain photograph and argues additionally that the evidence adduced at trial was insufficient to support a conviction for attempted murder. We affirm.

Because one of appellant's grounds of error raises a question of the sufficiency of the evidence, we find it necessary to summarize the evidence adduced at trial. The evidence, viewed in a light most favorable to the verdict, reveals that appellant was a resident of an apartment managed by the complainant, John Pontikas. Appellant installed a combination lock or padlock on his door and was asked by the complainant on several prior occasions to provide him with a pass key. The complainant required access to the apartment to perform routine maintenance and plumbing repairs. Appellant promised to provide the key but failed to do so. In March 1984, the complainant gave appellant the option of providing a key or moving out within thirty days. On April 2, 1984, the complainant went to appellant's apartment several times, inquiring whether appellant planned to remain and provide a key or whether he planned to move. Appellant replied each time that he was going to move out and asked the complainant to return "in a couple of hours" for the key to the apartment.

When the complainant returned that evening, appellant was not in his apartment. The complainant attempted to leave a note on appellant's door, but noticed the appellant working on his car in the parking lot.

The complainant approached appellant and again asked what he intended to do. Appellant then began screaming for the complainant to leave him alone and not talk to him. With the complainant close behind, appellant walked across the parking lot to his truck. As they approached the truck, appellant had his back toward the complainant, who continued to question him to determine what he intended to do. The appellant then whirled around and cut the complainant severely with a knife. Two other witnesses corroborated the victim's version of the facts. One of these witnesses actually saw appellant inflict the injuries.

Appellant then fled the scene in his car. When he returned he was identified by witnesses and was arrested. The complainant was transported by one of the witnesses to a nearby hospital for treatment. The complainant's attending physician testified at trial that the nature and extent of the complainant's wounds were such that if he had not received immediate medical attention, he would not have survived the attack.

■ In the second of his two grounds of error, appellant complains that the evidence is insufficient to support his conviction. More particularly, appellant asserts that the evidence is insufficient for a jury to find beyond a reasonable doubt that appellant had the requisite specific intent to commit murder. In *Flanagan v. State*, 675 S.W.2d 734 (Tex.Crim.App.1984) (en banc) (opinion on motion for rehearing), the court of criminal appeals held that "a specific intent to kill is a necessary element of attempted murder." The court further reiterated the established rule that the specific intent to kill may be inferred from the use of a deadly weapon. *Id.* at 744. Although a knife is not a deadly weapon per se, it may qualify as such through the manner of its use. Tex.Penal Code Ann. § 1.07(a)(11) (Vernon 1974); *McElroy v. State*, 528 S.W.2d 831 (Tex.Crim.App.1975). We have carefully reviewed the evidence and hold that, when viewed in a light most favorably to the verdict, it was sufficient

for a jury to determine beyond a reasonable doubt that appellant, by his manner and use of the knife, had the necessary intent to kill the complainant. This ground of error is therefore overruled.

■ Appellant complains in his other ground of error that the trial court erred in admitting a photograph depicting the victim in a reclining position with intravenous tubes protruding from his arm and face and blood seeping through his bandages. If a photograph is competent, material, and relevant to an issue in the case, it will not be inadmissible because it is gruesome, unless it is offered solely to inflame the minds of the jury. *Montelongo v. State*, 644 S.W.2d 710, 713 (Tex.Crim.App.1980). Only when the probative value of the photograph is very slight and the inflammatory aspects great will it be an abuse of discretion to admit it. *Id. See also Martin v. State*, 475 S.W.2d 265 (Tex.Crim.App. 1972). We believe the photograph admitted into evidence was relevant to the jury's determination of appellant's intent to inflict the wounds. *Montelongo v. State*, 644 S.W.2d at 713. Further, appellant denied seeing very much blood. The picture is proof of a disputed fact issue. Its probative value greatly outweighed any prejudicial effect it may have had. The trial court did not abuse its discretion in admitting the photograph. Accordingly, appellant's ground of error is overruled and the conviction is affirmed.