**Charles DOBSON, Appellant,**

v.

**Mrs. Rosie KYLE et vir, Appellees.**

**No. 6720.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 4, 1965.

**420**

Clarence D. Cain, Liberty, Robert S. Tucker, Dayton, for appellant.

Harold Metts and Thos. A. Wheat, Liberty, for appellees.

PARKER, Justice.

This is a child custody case. Mrs. Rosie Kyle and her husband sued Charles Dobson for the care and custody of Diann Dobson and for the support and maintenance of such child. The district court of Liberty County, Texas, rendered its judgment on the 1st day of November, 1963, which was "pronounced, dated and entered on the 27th day of December, 1963" awarding the permanent care, custody and control of Diann Dobson, a minor child born May 11, 1954, to the mother of said child, Mrs. Rosie Kyle, appellee. Appellant was ordered to pay $60.00 per month toward the support of said minor child. Order overruling motion for new trial was dated February 18, 1964, and notice of appeal given by appellant on same date. Transcript was filed in this court on March 12, 1964, but the statement of facts was not filed in time to be considered by this court. The statement of facts will not be considered.

The judgment entered in said cause is as follows:

"BE IT REMEMBERED that on the 1st day of November, 1963, at a regular term of this Court, before P. C. Matthews presiding as Judge of said Court, wherein Mrs. Rosie Kyle and her husband, Henry Kyle, are Plaintiffs and Charles Dobson is Defendant and came the parties in person and by and through their respective Attorneys of Record and announced ready for a trial on the merits, and no jury having been requested by either the Plaintiffs or the Defendant, submitted to the Court, without the intervention of a jury, all matters of fact and of law, and the Court having considered and fully understood the pleadings, evidence and argument of Counsel for both parties, is of the opinion that the Plaintiffs, Mrs. Rosie Kyle, joined by her husband, Henry Kyle, should prevail and that the custody, present care and control of Diann Dobson, a minor girl born on May 11, 1954, the child of the marriage of the Plaintiff, Mrs. Rosie Kyle, and the Defendant, Charles Dobson, should be changed from the Defendant, Charles Dobson, and that the Plaintiff, Mrs. Rosie Kyle, should be awarded the custody, present care and control of said minor, Diann Dobson. In connection with said change of custody, the Court finds as a fact that there has been a substantial change of circum-

stances since the Defendant, Charles Dobson, was awarded the custody of said minor child, Diann Dobson, in Cause No. 524,402, styled Charles Dobson vs. Rosie Whiddon and husband, Wade Whiddon, in the Court of Domestic Relations of Harris County, Texas, which said Judgment is recorded at Volume 53, Page 522 of the General Minutes of the Courts of Domestic Relations, Harris County, Texas, so that now the best interest of said minor child will be served by awarding the custody of said minor child, Diann Dobson, to the Plaintiff, Mrs. Rosie Kyle, who is the natural mother of said Diann Dobson.

"It is, therefore, ORDERED, ADJUDGED and DECREED that the order of the Court of Domestic Relations of Harris County, Texas, entered in Cause No. 524,402 be, and it is hereby modified so that the Plaintiff, Mrs. Rosie Kyle, shall have the present care, custody and control of Diann Dobson, a minor child born May 11, 1954. It is further ORDERED of this Court that the Defendant, Charles Dobson, have the right of reasonable visitation with said minor child, Diann Dobson, upon reasonable notice given to the Plaintiff, Mrs. Rosie Kyle, and provided that the Defendant, Charles Dobson, be free of the influence of intoxicating liquor.

"It is further ORDERED of this Court that the Support Order entered by the District Court of San Jacinto County, Texas, in Cause No. 7119, styled Rosie Dobson vs. Charles Dobson entered on the 14th day of May, 1955, wherein the Defendant, Charles Dobson, was ordered to pay Sixty and No/100 ($60.00) Dollars per month toward the support of said minor child, Diann Dobson, be and the same is hereby ratified, confirmed and adopted.

"It is further ORDERED, ADJUDGED and DECREED that the Defendant pay all costs of court for which let execution issue.

"PRONOUNCED, DATED and ENTERED this the 27 day of December, 1963."

■■ The pleadings contained in plaintiff's original petition support such judgment. There are no findings of fact other than those recited in the judgment itself. It is not open to question that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment and that such facts as are necessary to support the judgment, in addition to those contained in the judgment itself, are presumed to have been found. Commercial Credit Corp. v. Smith, 1945, 143 Tex. 612, 187 S.W.2d 363, 365. As stated in such opinion, it follows that the judgment of the trial court must be affirmed unless the record here presents on its face fundamental error of law. Appellant asserts that the court erred in entering and rendering the final judgment when the docket entries of the court show that the original setting of the hearing was for the temporary custody of the minor child, Diann Dobson. If the docket entries were contrary to the recitations contained in the final judgment, they could not change or enlarge the final judgment as entered in the minutes of the district court. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 (1957, opin. of the Commission adopted by S.Ct.).

■ Appellant also argues that he was denied the right to request a jury for the determination of permanent custody upon proper setting for trial on the merits of the question of permanent custody because he was only appearing for hearing upon temporary custody. This is contrary to the recitation in the final judgment, which reads as follows: "and came the parties in person and by and through their respective attorneys of record and announced ready for trial on the merits."

Appellant also claims error on the part of the court in entering its final judgment which reads in part as follows: "and no jury having been requested by either the plaintiff or the defendant, submitted to the court without the intervention of jury all matters of fact and law". The recitations of the judgment control.

The judgment and its recitations being to the contrary of appellant's points of error, each and all of appellant's points of error are overruled and the judgment of the trial court is affirmed.