Rodrigo PARTIDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 47743.

Court of Criminal Appeals of Texas.

March 6, 1974.

Rehearing Denied March 27, 1974.

Hofheinz & Harpold, Lew W. Harpold and Howard C. Rainey, III, Houston, for relator.

Kenyon Houchins and Charles E. Crenshaw, Houston, for respondents.

David G. Hall, San Juan, for appellant.

Oscar McInnis, Dist. Atty., Thomas P. Berry, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin for the State.

## OPINION

JACKSON, Commissioner.

The conviction by jury trial was for burglary of a private residence at night with the intent to commit rape on a plea of not guilty; the punishment by the court, eight (8) years.

The sufficiency of the evidence is not challenged and need not be recited.

On motion for new trial appellant raised the question that he was convicted without due process of law because the grand jury which indicted him was illegally constituted in that Mexican-Americans were discriminated against in its composition. Appellant was of Mexican-American descent.

In attempting to prove such racial discrimination, appellant placed in evidence data from the U.S. Census of 1970, showing among other facts that the Mexican-American population of Hidalgo County, as indicated by those with Mexican-American surnames, was 79.2% of the total population. He further showed that the composition of grand juries for the ten year period from 1962 to March 1972, when appellant was indicted, was 39% made up of members with Mexican-American names. Other facts were shown, including that Mexican-Americans were on a lower scale educationally and economically.

■ The Supreme Court has made it clear that the Constitution does not require proportional representation of races on jury panels. It is required only that selection be without discrimination as to races. Akins v. Texas, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692; Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839; Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759.

The proof concerning the previous ten years was offered in an effort to make a prima facie case of discrimination by showing a disparity between the percentages of Mexican-Americans in the population and the percentages on grand juries.

Appellant failed to show such racial discrimination. He did not show that the females who served on grand juries were not of Mexican-American descent but married to husbands with Anglo-American surnames. He did not show how many persons with Mexican-American surnames or of Mexican-American descent were summoned for grand jury duty and were excused for age, health or other legal reasons. See Zapata v. State, Tex.Cr.App., 493 S.W.2d 801.

Article 19.08, Vernon's Ann.C.C.P., as amended in 1969, provides:

"No person shall be selected or serve as a grand juror who does not possess the following qualifications:

"1. He must be a citizen of the State, and of the county in which he is to serve, and be qualified under the Constitution and laws to vote in said county, provided that his failure to pay a poll tax or register to vote shall not be held to disqualify him in this instance;

"2. . . . .

"3. He must be of sound mind and good moral character;

"4. He must be able to read and write;

"5. He must not have been convicted of any felony;

"6. He must not be under indictment or other legal accusation for theft or of any felony."

How many of those listed in the census figures with Mexican-American names were not citizens of the state, but were so-called "wet-backs" from the south side of the Rio Grande; how many were migrant workers and not residents of Hidalgo County; how many were illiterate and could not read and write; how many were not of sound mind and good moral character; how many had been convicted of a felony or were under indictment or legal accusation for theft or a felony; none of these facts appear in the record. Their absence renders the disparity of the percentages of little force or effect. McCrea v. State, Tex.Cr.App., 494 S.W.2d 821.

Nevertheless, the real question is not the presence or absence of discrimination ten years ago or in some period in past history of no effect on the rights of Rodrigo Partida. The question raised is whether his rights were infringed upon because of racial discrimination in the composition of the grand jury that indicted him, to-wit, the March, 1972, grand jury. See Ex parte Woods, Tex.Cr.App., 483 S.W.2d 464.

What is reflected by the record in regard to racial discrimination in the March, 1972, grand jury?

The foreman of that grand jury had a Mexican-American surname signed to the indictment. Appellant failed to show in the record the names of the other members of that grand jury. If shown, the very grand jury of which appellant now complains may have been made up of a majority of members with Mexican-American surnames. Of the 20 summoned to serve, 10 had Mexican-American surnames.

The record shows that 7 of the 12 jurors who found appellant guilty had Mexican-American surnames.

Those 20 summoned to serve on the September, 1971, grand jury had 14 with Mexican-American surnames and 6 with Anglo-American surnames. For the January, 1972, grand jury there were 11 with Mexican-American surnames and 9 with Anglo-American surnames.

The jury commission who selected the grand jury for the March term, 1972, was made up of 5 persons, 3 of whom had Mexican-American surnames.

The judge who appointed the jury commission and who presided over the trial of appellant is of Mexican-American descent and has a Mexican-American surname. There are three district courts in Hidalgo County, two of which have Mexican-American judges. The majority of the elected officials in Hidalgo County are Mexican-American. The voting population is predominantly Mexican-American, which renders it unreasonable to assume that elected officials would discriminate against the rights of the majority of the voters who elect them.

■ We hold that appellant has failed to establish that the grand jury which indicted him was composed of members selected in discrimination against Mexican-Americans, and overrule the first ground of error.

The second ground of error urged by appellant is that the court erred in overruling his objection to the cross-examination of appellant's character witness, Mrs. E. L. Muse.

This witness was offered to prove the good, general reputation of appellant in the community as a peaceable and law-abiding citizen, and she so testified, saying that she knew him very well because he had bought a house from the witness and her husband was making payments on it.

Upon cross-examination the assistant district attorney asked the witness "have-you-heard" questions relating to some 24 crimes and acts of misconduct.

Appellant's only objection to the cross-examination of appellant's character witness was based upon the alleged fact that the question did not relate to final convictions. Such an objection has no merit under Texas law. See Gaines v. State, Tex.Cr.App., 481 S.W.2d 835; Sanders v. State, Tex.Cr.App., 453 S.W.2d 162. It is clear from an examination of the record of Mrs. E. L. Muse's testimony that the entire tenor of her testimony was geared toward persuading the jury that the appellant was of good character. That being the case, it was permissible for the State to cross-examine her concerning her knowledge of appellant's reputation in the community. See Childs v. State, Tex.Cr. App., 491 S.W.2d 907.

We overrule the second ground of error.

The judgment is affirmed.

Opinion approved by the Court.