Fernando "Billy" FLORES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50078, 50079.

Court of Criminal Appeals of Texas.

June 18, 1975.

James S. Hale, on appeal only, Harlingen, for appellant.

Fred Galindo, Dist. Atty. and James R. Odabashian, Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

In Cause No. 50,078 the conviction is for carrying a hand gun on premises licensed to sell alcoholic beverages, a violation of V.T.C.A., Penal Code, Sec. 46.02; in Cause No. 50,079 the conviction is for voluntary manslaughter, a violation of V.T.C.A., Penal Code, Sec. 19.04. The punishment in Cause No. 50,079 is five years, and the punishment in Cause No. 50,078 is two years cumulated with the punishment of five years assessed in Cause No. 50,079.

Cause No. 50,079 was tried before a jury; Cause No. 50,078 was tried before the court after a jury was waived. Both appeals have been briefed together; there are three grounds of error; the first is common to both appeals; it urges that the trial court erred in failing to dismiss the indictment because alleged discriminatory grand jury selection violated the appellant's constitutional rights. There is proof that the

appellant is of Mexican-American descent; it is his contention that there has been a systematic exclusion of Mexican-Americans in the selection of grand juries in Cameron County.

The appellant asserts that this case and the recent case of Partida v. State, 506 S.W. 2d 209 (Tex.Cr.App.1974), in which the grand jury selection in the neighboring county of Hidalgo was similarly challenged, differ only "in that the statistical under-representation of Mexican-Americans in Hidalgo County was not quite as great as that shown here by the appellant's proof."

The evidence offered by the appellant and admitted by the court on the motion to quash the indictments, as it was in Partida v. State, supra, is statistical data from the United States Census of 1970 showing the same facts for Cameron County as were shown in *Partida* relative to Hidalgo County. The Mexican-American population in Cameron County was 76% while in Hidalgo County it was 79.2%. The proof in this case was that the panels from which the grand juries had been selected for the past ten years consisted of only 27.05% having Spanish surnames.

The January 1974 Grand Jury that indicted the appellant consisted of five members who had Spanish surnames and seven who did not. The Judge of the court where the motion to quash the indictment was presented and who overruled that motion had a Spanish surname. The petit jury selected to try the appellant for the offense of murder was composed of eight jurors who had Mexican-American surnames and another whose name was Edwina Garcia Wickham.

The appellant argues that he has made a prima facie showing that there was discrimination in grand jury selection and that the State has failed to rebut this evidence; consequently, he says, citing extensively from many authorities, the indictment should have been dismissed. We disagree and hold that our decision in Partida

v. State, supra, where the facts were so similar, is controlling in this case. We will not repeat what was well stated in that opinion.

In ground of error number two the appellant complains that the punishment assessed by the trial court in Cause No. 50,079 was vague and indefinite and therefore void. The judgment, in part, reads: "The Court . . . finds and adjudges that the defendant . . . should be punished by confinement in the Texas Department of Corrections for a term of five (5) years . . ." The appellant directs our attention to the court's docket sheet which reflects in part: "Court, after hearing arguments of counsel, assessed punishment at not less than two (2) years nor more than five (5) years in T.D.C." The court reporter's transcription of the proceedings made at the time the court assessed punishment is not in the record. The judgment controls over the recitations made on the court's docket when there is a conflict between them. See Guinn v. State, 88 Tex. Cr.R. 509, 228 S.W. 233 (1921); Ex parte Rains, 113 Tex. 428, 257 S.W. 217 (1923); Boothe v. Durrett, 343 S.W.2d 553 (Tex. Civ.App.1961); Dobson v. Kyle, 387 S.W. 2d 419 (Tex.Civ.App.1965).

In ground of error number three the appellant makes essentially the same complaint as was made in ground of error number two, and also complains that in the sentence in Cause No. 50,078 (Cause No. 74–CR–60–C in the trial court) cumulating punishment, the court referred to the conviction in Cause No. 50,079 (Cause No. 74–CR–62–C in the trial court) as "murder" rather than "voluntary manslaughter." The appellant is correct. The cumulation part of the sentence in Cause No. 50,078 does recite that the conviction in Cause No. 50,079 was for "murder" rather than "voluntary manslaughter." However, the cumulation order is sufficient in that it designates the court, the cause number in the trial court, the date of conviction, and the term of punishment in Cause No. 50,079.

See Ward v. State, 523 S.W.2d 681 (Tex. Cr.App. 1975); Phillips v. State, 488 S.W. 2d 97 (Tex.Cr.App.1972). It appears that the error in naming the offense was merely a clerical error; the judgments and sentences in both cases are before this Court; we can and do correct the cumulation part of the sentence in Cause No. 50,078 referring to the conviction in Cause No. 50,079 to read: "voluntary manslaughter" rather than "murder." See Craig v. State, 480 S.W.2d 680 (Tex.Cr.App.1972).

The judgment in Cause No. 50,078 is reformed and affirmed and Cause No. 50,079 is affirmed.

Opinion approved by the Court.