

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 8, 1992

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-139

Re: Whether a justice of the peace is required to maintain a hard copy of the criminal docket if he or she has chosen to maintain such records electronically (RQ-66)

Dear Mr. Driscoll:

Article 45.13 of the Code of Criminal Procedure requires justices of the peace and municipal court judges to maintain a docket of criminal proceedings in their respective courts and authorizes the use of electronic data processing equipment to perform this function:

> The information in the docket may be processed and stored by the use of electronic data processing equipment, at the discretion of the justice of the peace or the municipal court judge.

Code Crim. Proc. art. 45.13(b). You ask whether a justice of the peace who elects to process and store the court's criminal docket electronically is required to maintain a printed copy of the docket.

A docket is generally described as a formal record containing brief entries of the proceedings in a court of justice. BLACK'S LAW DICTIONARY 431 (5th ed. 1979). A docket entry has been characterized as a memorandum made for the convenience of a trial court and its staff. *See Energo Int'l Corp. v. Modem Indus. Heating,* 722 S.W.2d 149 (Tex. App.--Dallas 1986, no writ); *Gainesville Oil & Gas Co. v. Farm Credit Bank of Texas,* 795 S.W.2d 826 (Tex. App.--Texarkana 1990, no writ).[1] Article

---

[1]Although a docket entry constitutes part of the court record, *Petroleum Equip. Fin. Corp. v. First Nat'l Bank of Fort Worth,* 622 S.W.2d 152 (Tex. App.--Fort Worth 1981, writ ref'd n.r.e.), it does not constitute part of the judgment in a particular case. *Gainesville Oil & Gas,* 795 S.W.2d 826. A docket entry may supply facts in certain situations, but it cannot be used to contradict or prevail over the final judicial order. *N-S-W Corp. v. Snell,* 561 S.W.2d 798 (Tex. 1977). Thus, when a docket entry

45.13 provides that a justice of the peace or municipal court judge shall enter into the docket "the proceedings in each trial had before him," including the following information:

1. The style of the action;

2. The nature of the offense charged;

3. The date the warrant was issued and the return made thereon;

4. The time when the examination or trial was had, and if a trial, whether it was by a jury or by himself;

5. The verdict of the jury, if any;

6. The judgment and sentence of the court;

7. Motion for new trial, if any, and the decision thereon;

8. If an appeal was taken; and

9. The time when, and the manner in which, the judgment and sentence was enforced.

Code Crim. Proc. art. 45.13(a).

We find no express statutory requirement that the electronically stored criminal docket of a justice court be simultaneously maintained on printed media, and we are aware of no principle of constitutional law or common law which would require creation of a "hard copy" of the docket under these circumstances. Article 45.13 fails to stipulate whether a printed copy must be kept.

Subpart (b) of article 45.13 was enacted in 1989. Acts 1989, 71st Leg., ch. 499, § 1, at 1684-85. Prior to that time, article 45.13 imposed no specific

---

(footnote continued)
conflicts with the terms of a judgment, the judgment, and not the docket entry, controls. *Flores v. State*, 524 S.W.2d 71 (Tex. Crim. App. 1975).

requirement regarding the medium in which the docket was maintained. Historically, however, it was generally understood that the docket was a single record, printed and bound, containing the entries of the proceedings in the court. *See* former Tex. R. Civ. P. 26 (Vernon 1979) (providing that court clerks shall "keep a court docket in a well bound book"); BLACK'S LAW DICTIONARY 431 (defining "docket" to mean, *inter alia*, "[a] book containing an entry in brief of all the important acts done in court in the conduct of each case"). The 1989 addition of subpart (b) of article 45.13 was obviously intended to offer justices of the peace the advantages of modern technology, a trend which is evident in other areas of court administration. *See infra* note 2.

We note that the bill adding subpart (b) also repealed article 45.14 of the Code of Criminal Procedure, which previously provided:

> At each term of the district court, each justice of the peace shall, on the first day of the term of said court for their county, file with the clerk of said court a certified transcript of the docket kept by such justice, of all criminal cases examined or tried before him since the last term of such district court; and such clerk shall immediately deliver such transcript to the foreman of the grand jury.

Acts 1965, 59th Leg., ch. 722, at 317 (formerly Code Crim. Proc. art. 45.14 repealed by Acts 1989, 71st Leg., ch. 499, § 2). We think the repeal of article 45.14 indicates general legislative intent to move away from printed or paper media to record the proceedings of justice courts. It would be consistent with that general intent to conclude that justices of the peace are not required to simultaneously maintain hard copies of their electronically stored criminal dockets.[2]

We note other statutes that are relevant to your inquiry. The Court Administration Act places supervisory and administrative control over the judicial branch of state government in the Supreme Court of Texas. Gov't Code § 74.021.

---

[2]This policy, of course, does not relieve the justice of the peace of any duty to prepare copies of the docket in paper media. For example, in appeals of criminal cases from justice courts, all the original papers in the case, along with a transcript of the all the proceedings in the case, must be delivered to the clerk of the court to which the appeal was taken. Code Crim. Proc. art. 44.18; *see also id.* art. 40.09 (appellate record in cases appealable to Texas Court of Criminal Appeals "shall always include," *inter alia*, copies of "material docket entries made by the court").

The court is authorized to adopt rules of administration for the court system, including rules relating to a uniform dockets policy. *Id.* § 74.024(c)(7). The rules remain in effect unless and until disapproved by the legislature. *Id.* § 74.024(d). To date, the supreme court has not adopted formal rules governing the maintenance of dockets in justice courts.[3]

In addition, the Local Government Records Act, chapters 201 to 205 of the Local Government Code, authorizes the electronic storage of local government record data "in addition to *or instead of* source documents in paper or other media, subject to the requirements of this chapter and rules adopted under it." Local Gov't Code § 205.002 (emphasis added). The State Library and Archives Commission is responsible for adopting rules governing the electronic storage of local government records, including standards and procedures regarding the generation of backup or preservation copies of electronically stored records and public access to such records. *See id.* § 205.003. The office of the justice of the peace and its records are subject to the act. *Id.* §§ 201.003(7) ("local government" includes all district and precinct offices of a county), 201.003(8) ("local government record" includes, *inter alia*, any document or electronic medium created or received by a local government or any of its officers); *see also* Attorney General Opinion JM-1224 (1990) (act applies to electronic storage of county, district, and precinct records by county data processing department). The State Library and Archives Commission has to date not adopted formal rules governing the maintenance of the criminal dockets of justice courts.

Accordingly, we conclude that the criminal docket in a justice court may be maintained electronically in addition to or in lieu of hard copy originals. Code Crim. Proc. art. 45.13(b); Local Gov't Code § 205.001. Whether the docket is kept on paper or maintained electronically, appropriate provisions must be made to implement public rights of inspection. *See* Gov't Code § 27.004(a); Open Records Decision No. 25 (1974).

---

[3]The court has, however, adopted rule 26 of the Texas Rules of Civil Procedure. Rule 26 provides that each clerk of a court shall keep the court's civil docket "in a permanent record." The rule formerly provided that the docket be maintained in a "well-bound book." There is reason to believe that, on the basis of the change in rule 26, the court would not disapprove of the maintenance of a docket in other than written or printed form, provided the record is "permanent."

## S U M M A R Y

A justice of the peace may maintain the criminal docket in the justice court electronically in addition to or in lieu of printed paper media. The justice is not required to simultaneously maintain printed paper copies of the electronically stored docket.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragón
Assistant Attorney General