**AFFIRMED as MODIFIED and Opinion Filed August 19, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00315-CR

### GERALD PIERCE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F14-75438-I**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Molberg

Gerald Pierce appeals a judgment adjudicating his guilt and sentencing him to twenty-five years' confinement in the Texas Department of Criminal Justice's Institutional Division on a charge of assault family violence with a prior conviction, as enhanced by two prior felony convictions.[1]  *See* TEX. PENAL CODE §§ 12.42(d),

---

[1] The indictment's two enhancement paragraphs alleged:

And it is further presented to said Court that prior to the commission of the offense or offenses set out above, the defendant was finally convicted of the felony offense of POSSESSION OF A CONTROLLED SUBSTANCE, in the 195TH JUDICIAL DISTRICT COURT of DALLAS County, Texas, in Cause Number F0955574, on the 18TH day of MAY, A.D., 2010,

22.01(b)(2)(A). Claiming error not in the adjudication of his guilt but instead in his sentence, Pierce argues the trial court erred in sentencing him to twenty-five years' confinement rather than ten and argues the judgment contains numerous errors that should be corrected. The State disputes Pierce's argument regarding his sentence but agrees the judgment contains errors that should be corrected. Based on the record before us, we find no error in imposing the twenty-five year sentence and find the requested corrections in the judgment to be justified. We therefore affirm the judgment as modified below in this memorandum opinion.[2]

## I. BACKGROUND

On April 29, 2014, a grand jury indicted Pierce for assault family violence with a prior family violence conviction, as enhanced by two prior felony convictions. *See* TEX. PENAL CODE §§ 12.42(d), 22.01(b)(2)(A). On August 1, 2014, Pierce pleaded guilty to the charge, pleaded true to the enhancement paragraphs,[3] and

---

And that prior to the commission of the offense or offenses for which the defendant was convicted as set out above, the defendant was finally convicted of the felony offense of AGGRAVATED ASSAULT, in the 204TH JUDICIAL DISTRICT COURT of DALLAS County, Texas, in Cause Number F0272696, on the 23RD day of JANUARY, A.D., 2004[.]

[2] *See* TEX. R. APP. P. 47.4.

[3] The reporter's record from the plea proceeding includes the following exchange:

THE COURT: How do you plead to the charges against you, guilty or not guilty?

[PIERCE]: Guilty.

THE COURT: And to the enhancement counts, how do you plead, true or not true?

[PIERCE]: True.

After the trial court then explained the effect of such a plea on his possible sentence, Pierce re-confirmed his desire to plead guilty to the charged offense and to plead true to the two enhancement paragraphs, as reflected in this exchange:

signed a judicial confession.[4]  Judge Richard Davis, the trial judge who presided over the plea proceeding, deferred adjudication of guilt, found the two enhancement paragraphs to be true, placed Pierce on eight years' community supervision, and assessed a $2,000 fine.

The order of deferred adjudication was signed by Judge Don Adams on August 5, 2014.  The order deferred adjudication of Pierce's guilt, placed Pierce on a period of community supervision for eight years, and imposed a $2,000 fine plus $249 in court costs.  Attached to the order were three pages entitled "Conditions of Community Supervision" which listed twenty-one conditions of community supervision in paragraphs (a) through (u).

The order of deferred adjudication did not, however, contain any information about Pierce's plea of true to the two enhancement paragraphs.  Specifically, the order stated, in part:

| Plea to 1st Enhancement Paragraph | N/A | Plea to 2nd Enhancement Paragraph | N/A |
| --- | --- | --- | --- |

THE COURT:  So having had all of these things explained to you, do you still wish to enter a plea of guilty to the charge of assault family violence?

[PIERCE]:  Yes, Your Honor.

THE COURT:  And do you still wish to enter a plea of true to the enhancement paragraphs?

[PIERCE]:  Yes, Your Honor.

[4] The judicial confession contained the full text of the offense and two enhancement paragraphs alleged in the indictment.  By signing it, Pierce judicially confessed to the facts alleged, stipulated that they "are true and correct and constitute evidence in this case," and judicially confessed that he "committed the offense with which [he stands] charged exactly as alleged in the indictment in this cause."

Years passed. In 2019, about five years into Pierce's eight-year period of community supervision, the State filed an amended motion to revoke probation or proceed with an adjudication of guilt. In its amended motion, the State alleged Pierce violated ten of his community supervision conditions—namely, conditions (a), (a), (b), (d), (h), (j), (k), (m), (n), and (r).[5]

The trial court heard the State's amended motion to revoke probation or proceed with an adjudication of guilt in August 2022. Judge Nancy Kennedy presided.[6] During the hearing, Pierce pleaded "not true" to the violations alleged in the State's amended motion. Eleven witnesses testified in total.

During the testimony of the sixth witness, the trial court announced a brief recess, and Pierce did not return to the courtroom after the short break in proceedings. Upon the State's request, and over Pierce's counsel objection, Judge Kennedy held Pierce's bond insufficient, determined Pierce had waived his right to testify, denied Pierce's counsel's request to pause the proceedings, and issued a warrant for Pierce to be obtained. The hearing continued in Pierce's absence, and after both sides rested and closed, Judge Kennedy found "true" the allegations in paragraphs (a), (a), (b), and (d) of the State's amended motion.[7]

---

[5] The State's amended motion contained two paragraphs listed as paragraph (a). Each contained separate allegations.

[6] Judge Kennedy is now a Justice on this Court and has taken no part in the proceedings in our Court.

[7] Also during the hearing on the State's amended motion, the State abandoned its allegations in paragraphs (h), (j), (k), (m), (n), and (r).

–4–

After both sides indicated they had no further evidence to present for sentencing purposes, each side made a closing argument on sentencing. In its closing, the State noted some discrepancies in the record regarding Pierce's plea to the enhancement paragraphs, stating that, while a check box regarding enhancement paragraphs was left unchecked on page three of Pierce's plea paperwork,[8] there were other indications in the record that Pierce pleaded true to the enhancement paragraphs in the indictment.

In the closing by Pierce's counsel, his counsel appeared to agree there were some indications in the record that Pierce pleaded true to the indictment's two enhancement paragraphs, stating that while the trial court should take into account the unchecked enhancement paragraph box in the plea paperwork, "there is a notation on the docket sheet concerning the enhancement paragraphs, so I think that's something that the [trial] [c]ourt will have to resolve."[9]

The State argued for a prison sentence, while Pierce's counsel asked that the court consider continuing Pierce on probation, with up to 180 days in jail as a

---

[8] The trial court's admonitions to Pierce in connection with his plea stated, in part:

☐ **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S)** *(applicable only if box is checked)*

☐ I, the defendant, plead true to the enhancement allegations included in the (first), (second), (first and second) enhancement paragraph(s) which is/are contained in the charging instrument or the State's Notice of Enhancement, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

[9] In an August 1, 2024 entry, the docket sheet states, "Enhancement paragraphs found true on plea of true and after hearing."

condition of probation, a result Pierce's counsel described as a "better option for the [trial] [c]ourt than to sentence him to [twenty-five] years."

Judge Kennedy then stated:

So the docket sheet is not part – part of the record. . . .

The judgment itself from 2014 indicates that there is no finding, no plea of true, no finding of true; there's never been a request for the judgment to be modified in a nunc. There's this proceeding began, and I've had no request prior to that to modify that judgment. So therefore, I'm operating under that previous judgment that this is a third degree that Mr. Pierce is on probation for.

At this time, after finding that the allegations are true, I'm going to set aside the order that originally placed him on deferred, I'm going to find him guilty at this time of the assault bodily injury family violence enhanced as he pled guilty to it back in 2014, and I am going to sentence him to ten years in the Institutional Division of the Texas Department of Criminal Justice.

That sentence will start today. I understand that he is not present. A warrant has been issued for him. He will get credit for any back-time that he does have and I will go from there.

. . . .

Any legal reason why I should not impose sentence at this time?

[PIERCE'S COUNSEL]: No, Your Honor.

THE COURT: It is therefore the order, judgment and decree of the Court that after finding the allegations remaining in the motion true, I'm setting aside the order that originally placed him on deferred finding him guilty at this time of the offense he pled guilty to and sentencing him to ten years in the Institutional Division of the Texas Department of Criminal Justice. There is an affirmative finding of family violence.

Judge Kennedy then adjourned the proceedings but reconvened three days later. Pierce was not present. After the trial court reviewed the circumstances during

–6–

the last proceeding, including Pierce's appearance and subsequent absence, the trial court seemed at one point to rescind the previously-announced sentence but then concluded with the following comments:

> THE COURT: He still has a ten-year sentence. I'm just not legally imposing it at this point because he's not present. Right?
>
> [PROSECUTOR]: Right.
>
> [PIERCE'S COUNSEL]: Correct.

On February 20, 2023, about six months after the proceedings before Judge Kennedy, the State and Pierce's counsel again appeared in the trial court for imposition of sentence. Pierce was present this time, and Judge Don Adams presided.[10] During the proceeding, Pierce acknowledged being informed that there are enhancement paragraphs which could potentially make the punishment range of twenty-five years to life. He also acknowledged being informed that the State would give him ten years if Pierce would accept ten years and testified he was rejecting that "offer."

> Judge Adams stated:
>
> I have reviewed the documents here. Apparently you pled guilty to the – you pled guilty – back on August 1, 2014, you pled guilty and also true to the enhancement paragraphs, and the judge wrote on the docket sheet "finding the family violence enhancement paragraphs that were true."
>
> So, because of that, the Court will go ahead and pronounce the sentence of 25 years of confinement in the Institutional Division.

---

[10] Justice Kennedy joined our Court on January 1, 2023.

Judge Adams then signed the judgment adjudicating guilt that is at issue in this appeal and certified Pierce's right to appeal.

## II. ISSUES AND ANALYSIS

### A. Alleged Error in Sentencing

In his first issue, Pierce argues the trial court erred in sentencing him to twenty-five years' confinement rather than ten and asks that we reform the judgment to reflect a sentence of ten years. The State disputes this and urges us to affirm.

The trial court has wide latitude to determine the appropriate sentence in each case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). "We cannot step into the shoes of the trial court judge and substitute our judgment for [his] unless that judge has clearly abused [his] discretion." *Id*. We may not disturb a trial court's decision on an issue within its discretion unless the decision was arbitrary or unreasonable and was outside the zone of reasonable disagreement. *See State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016); *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

The crux of the parties' disagreement regarding Pierce's sentence has to do with whether the twenty-five year sentence Pierce received was required by the record in this case, as the State argues,[11] or was void, as Pierce argues, because of

---

[11] The State argues that, because the record affirmatively reflects Pierce entered a plea of true to the enhancement paragraphs, Judge Davis found the enhancement paragraphs to be true, and Judge Kennedy adjudicated Pierce guilty after finding he violated his conditions of probation, the mandatory minimum sentence authorized by statute in this case is twenty-five years imprisonment.

(1) the omission in the order of deferred adjudication of any information about the indictment's two enhancement paragraphs, (2) Judge Kennedy's announced-but-not-imposed sentence that was based on that omission, and (3) Judge Adams' reference to the information contained in the docket sheet.

We agree with the State. Penal Code § 12.42(d) requires that, except in situations not applicable here, if it is shown on the trial of the charged felony offense that Pierce has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, "*on conviction* [Pierce] *shall be punished* by [TDCJ] imprisonment . . . for life, *or for any term* of not more than 99 years or *less than 25 years*." *See* TEX. PENAL CODE § 12.42(d) (emphasis added).[12]

Here, the "conviction" occurred in connection with the judgment adjudicating guilt, not in the earlier order of deferred adjudication. Under the Code of Criminal Procedure, a trial court may, "after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer

---

[12] Texas Penal Code § 12.42 states, in part:

> (d) Except as provided by Subsection (c)(2) or (c)(4),[ ] if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection."

TEX. PENAL CODE § 12.42(d).

further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision." TEX. CODE CRIM. PROC. art. 42A.101(a). "For most purposes, a deferred adjudication does not count as a conviction" because a conviction generally involves the adjudication of guilt, which is specifically deferred when a court orders deferred adjudication. *Middleton v. State*, 634 S.W.3d 46, 50 (Tex. Crim. App. 2021).

Based on the record before us, it is undisputed Pierce pleaded true to the two enhancement paragraphs and Judge Davis found those paragraphs to be true. Thus, when the trial court later adjudicated Pierce's guilt, the mandatory operation of section 12.42(d) restricted the trial court's discretion in sentencing and required a minimum sentence of twenty-five years. *See* TEX. PENAL CODE § 12.42(d); *State v. Allen*, 865 S.W.2d 472, 474 (Tex. Crim. App. 1993) ("Once the two prior felony convictions are found to be true, the mandatory operation of Section 12.42(d) restricts the discretion of the sentencing authority.").

We are not persuaded by Pierce's argument that the enhancement-related omissions in the order of deferred adjudication make Pierce's twenty-five year sentence void because his argument ignores the distinction between an order of deferred adjudication and a judgment. While Pierce's premise—that a judgment controls over other portions of the record such as the docket sheet—is largely

correct,[13] his application of that premise to this case is misplaced, as it equates an order of deferred adjudication with a judgment, and the two documents are not the same. *See Zapata v. State*, 678 S.W.3d 325, 328 (Tex. App.—San Antonio 2023, pet. granted) (noting that an adjudication of guilt is specifically deferred when a court orders deferred adjudication and concluding that the order of deferred adjudication in that case was not a judgment that required the trial court to enter an affirmative finding of family violence).

Based on the record before us and the authorities cited above, we cannot conclude the trial court erred in imposing the twenty-five year sentence.

We overrule Pierce's first issue.

## B. Alleged Errors in Judgment

In his second issue, Pierce argues the judgment adjudicating guilt contains numerous errors that should be corrected. Specifically, he argues the judgment should be corrected to reflect that (1) Pierce pleaded "not true" to the allegations in the State's amended motion to adjudicate; (2) there was no plea bargain in the adjudication process; and (3) the trial court only found "true" the allegations in parts (a), (a), (b), and (d) of the State's amended motion to adjudicate.

The State agrees with Pierce's arguments as to numbers (1) and (3) and has not disputed or responded to his argument regarding number (2). The State also

_____

[13] *See Flores v. State*, 524 S.W.2d 71, 72 (Tex. Crim. App. 1978) ("[T]he judgment controls over recitations made on the court's docket when there is a conflict between them.").

argues two other modifications are needed, namely, by adding that the trial court found true the two enhancement paragraphs alleged in the indictment, and by adding an affirmative finding of family violence. Pierce did not file a reply to the State's brief and has taken no position with regard to the State's requested modifications, aside from his arguments in connection with his first issue.

We may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

The record before us reveals that all five of the parties' requested modifications are appropriate. As to Pierce's three requested changes, the reporter's record shows Pierce pleaded "not true" to the allegations made in the State's amended motion to adjudicate, there was no plea bargain in the adjudication process, and the trial court only found "true" the allegations in parts (a), (a), (b), and (d) of the State's amended motion to adjudicate. As to the State's two requested changes, the reporter's record also shows that during the proceeding on the State's amended motion to adjudicate guilt, the trial court took judicial notice of the entire contents of the file, which included the April 29, 2014 indictment that included two enhancement paragraphs and Pierce's August 1, 2014 judicial confession, in which he confessed he "committed the offense with which I stand charged exactly as alleged in the indictment in this cause." Finally, the reporter's record includes the

–12–

transcript from the hearing on the State's amended motion to adjudicate guilt, and in it, the trial court made an affirmative finding of family violence. Thus, we sustain Pierce's second issue to the extent that we reform the judgment as described below.

### III. CONCLUSION

For the reasons explained above, we reform the judgment by making the following modifications:

(1)     Under the text stating "Plea to Motion to Adjudicate," we delete the word "TRUE" and replace it with the phrase "NOT TRUE,"

(2)     Under the text stating "Terms of Plea Bargain," we delete the phrase "25 YEARS TDC" and replace it with "N/A,"

(3)     After the text stating "Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows"  we delete the text stating "A A B D H J K M N R" and replace it with text stating "A A B D,"

(4)     In the last paragraph of the first page of the judgment, we delete the text stating, "(2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment" and replace it with text stating, "(2) The Court found "true" the two enhancements paragraphs alleged in the indictment, deferred further proceedings, made no finding of guilt, and rendered no judgment;" and

(5)     Adding on page 2 of the judgment, after the text stating "Furthermore, the following special findings or orders apply," text stating, "The Court affirmatively finds that the offense involved family violence, as defined by Section 71.004, Family Code."

As reformed, we affirm the judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
230315F.U05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GERALD PIERCE, Appellant

No. 05-23-00315-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F14-75438-I.
Opinion delivered by Justice Molberg. Justices Pedersen, III and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1)     Under the text stating "Plea to Motion to Adjudicate," we delete the word "TRUE" and replace it with the phrase "NOT TRUE,"

(2)     Under the text stating "Terms of Plea Bargain," we delete the phrase "25 YEARS TDC" and replace it with "N/A,"

(3)     After the text stating "Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows"  we delete the text stating "A A B D H J K M N R" and replace it with text stating "A A B D,"

(4)     In the last paragraph of the first page of the judgment, we delete the text stating, "(2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment" and replace it with text stating, "(2) The Court found "true" the two enhancements paragraphs alleged in the indictment, deferred further proceedings, made no finding of guilt, and rendered no judgment;" and

(5)     Adding on page 2 of the judgment, after the text stating "Furthermore, the following special findings or orders apply," text

stating, "The Court affirmatively finds that the offense involved family violence, as defined by Section 71.004, Family Code."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 19th day of August, 2024.