**The STATE of Texas, Appellant,**

v.

**Gregory Lee BINGHAM, Appellee.**

**No. 01–95–01174–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 28, 1996.

Discretionary Review Refused
April 17, 1996.

John B. Holmes, Calvin Hartmann, Houston, for appellant.

George Anthony Young, Houston, for appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

## OPINION

SCHNEIDER, Chief Justice.

Appellee Gregory Lee Bingham pleaded guilty without an agreed recommendation to the state jail felony of credit card abuse [1] and true to the commission of two prior felonies for escape and possession of cocaine with intent to deliver. The trial court punished appellee by imposing a confinement permissible for a Class B misdemeanor, *i.e.,* 180 days in jail.[2] The State appeals with a single

---

1. *See* TEX. PENAL CODE ANN. § 32.31(b)(1) (Vernon 1994). The primary offense was committed on July 19, 1995, before the September 1, 1995 effective date of the 1995 amendments to the

Penal Code mentioned in footnotes two and three.

2. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.44(a), 1993 Tex.Gen. Laws

point of error and argues the trial court imposed an illegal sentence because the court did not punish appellee under the former habitual offender law.[3] We affirm.

The State argues the sole issue to be determined by this Court is whether former Penal Code section 12.42(d), dealing with the punishment of habitual offenders, applies when a defendant is convicted of a state jail felony that does not involve the use of a deadly weapon and is enhanced by two felony convictions that are not state jail offenses. The trial court filed findings of fact and conclusions of law, concluding the punishment provisions of section 12.35(a) and (b) were applicable to this case. TEX. PENAL CODE ANN. § 12.35(a), (b) (Vernon 1994). However, the judgment shows the court actually sentenced the appellee under former section 12.44(a).[4] Appellant's 180-day sentence was within the range of punishment available for a person convicted of a Class B misdemeanor. See TEX. PENAL CODE ANN. § 12.22(2) (Vernon 1994).

The State does not argue the trial court imposed an illegal sentence by sentencing appellee for a Class B misdemeanor under section 12.44(a) instead of sentencing appellee as a habitual offender under former section 12.42(d). Nevertheless, this Court has already considered the similar issue of whether a trial court errs by imposing a habitual offender's punishment for a state jail felony under section 12.35(a) instead of former section 12.42(d). In *State v. Mancuso,* we held a trial court was required to sentence a defendant convicted of a state jail felony under the terms of the mandatory community supervision law rather than the terms of the habitual offender law even though the defendant had also been convicted of two prior felony offenses. *Mancuso,* 903 S.W.2d 386, 388 (Tex.App.—Houston [1st Dist.] 1995), *aff'd,* 919 S.W.2d 86 (Tex.Crim. App.1996). In *State v. Warner,* this Court reached the same conclusion. *Warner,* 915 S.W.2d 873 (Tex.App.—Houston [1st Dist.] 1995, pet. filed). Specifically, we held in *Warner* that the 1993 amendment of former section 12.42(d) from "any felony" to "a felony," in conjunction with the creation of the state jail felony, indicated the legislature did not intend former section 12.42(d) to apply to state jail felonies. *Id.,* at 877-78.

In light of *Warner,* we hold that former section 12.42(d) does not apply when a trial court sentences a defendant convicted of a state jail felony to the punishment for a Class B misdemeanor under section 12.44(a) rather than section 12.42(d). Accordingly, we overrule the State's sole point of error.

Appellee brings a conditional cross-point in the event that we sustain the State's point of error. We overrule appellee's cross-point in

3586, 3605 (former TEX. PENAL CODE ANN. § 12.44(a)) (court may punish defendant convicted of state jail felony by imposing confinement permissible for Class B misdemeanor, fine not to exceed $10,000, or both fine and confinement), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, sec. 3, § 12.44(a), 1995 Tex.Gen. Laws 2734, 2735 (TEX. PENAL CODE ANN. § 12.44(a) (Vernon Supp.1996)) (court may punish defendant convicted of state jail felony by imposing confinement permissible for Class A misdemeanor).

3. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.42(d), 1993 Tex. Gen. Laws 3586, 3604 (former TEX. PENAL CODE ANN. § 12.42(d)) ("If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not

more than 99 years or less than 25 years."), *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, sec. 1, § 12.42(d), 1995 Tex.Gen. Laws 2734, 2735 (TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1996)) ("If it is shown on the trial of a felony offense *other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.").

4. When the court's judgment conflicts with other portions of the record, the judgment controls. *See Flores v. State,* 524 S.W.2d 71, 72 (Tex.Crim. App.1975) (judgment controls over docket entry); *Hubbard v. State,* 896 S.W.2d 359, 361 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (signed judgment controls over oral rendition).

light of our disposition of the State's point of error.

We affirm the judgment of the trial court.

