**Affirmed as Modified; Opinion Filed June 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13–01371-CR

No. 05–13–01372–CR

No. 05–13–01373–CR

No. 05–13–01374–CR

**CHARLES DANTE BRIGHTMON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-59566-R, F11-59567-R, F11-59568-R, F13-56195-R**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Myers

Appellant Charles Dante Brightmon appeals the revocation of his community supervision

and adjudication of guilt. He alleges eleven issues. Appellant's first seven issues contend the

trial court abused its discretion by revoking his community supervision for failing to complete

community supervision hours, for failing to complete anger management, and for failing to pay

the community supervision fees, the crime stoppers payment, and the urinalysis fee; the

remaining four argue the judgments should be modified to correct errors. In two cross-points,

the State alleges additional errors in the judgments that should be corrected. As modified, we

affirm the trial court's judgments.

## BACKGROUND AND PROCEDURAL HISTORY

In cause number 05–13–01371–CR, F11–59566–R, a grand jury indicted appellant for aggravated assault with a deadly weapon. The indictment alleged that, on or about September 3, 2011, appellant caused bodily injury to Isiah Martinez by shooting him with a firearm. In cause number 05–13–01372–CR, F11–59567–R, a grand jury indicted appellant for aggravated assault with a deadly weapon. The indictment alleged that, on or about September 3, 2011, appellant caused bodily injury to Canedrea Lewis by shooting her with a firearm. The indictment in that case alleged appellant had a dating relationship with the complainant and was a member of the complainant's family and household. In cause number 05–13–01373–CR, F11–59568–R, a grand jury indicted appellant for aggravated assault with a deadly weapon, also alleged to have occurred on or about September 3, 2011. That indictment alleged that appellant caused bodily injury to Deletrica Johnson by shooting her with a firearm.

On October 3, 2012, appellant pleaded guilty to each of the three cases and judicially confessed. Pursuant to a plea bargain agreement, the trial court deferred a finding of guilt, made affirmative deadly weapon findings, placed appellant on community supervision for a period of ten years, and assessed a $1,500 fine.

On June 3, 2013, appellant was indicted in cause number 05–13–01374–CR, F13–56195–R, for aggravated assault with a deadly weapon. Appellant was alleged to have, on or about May 6, 2013, caused bodily injury and serious bodily injury to Vincent Cochrane, Jr., by striking him with the defendant's motor vehicle and by pinning him between two motor vehicles.

On June 13, 2013, the State filed motions to revoke community supervision in 05–13–01371–CR, 05–13–01372–CR, and 05–13–01373–CR. In all three cases, the motions alleged the following violations of the conditions of appellant's community supervision:

(a) CHARLES DANTE BRIGHTMON did violate condition (a) by violating the laws of the State of Texas in that on or about 05/06/2013 in Dallas County, Texas, he did commit the offense of Aggravated Assault with a Deadly Weapon.

(l) CHARLES DANTE BRIGHTMON did violate condition (l) in that he did not complete Community Service hours as directed.

(p) CHARLES DANTE BRIGHTMON did violate condition (p) in that he did not complete Anger Management as directed.

In addition to the above, the motion to revoke in cause 05–13–01372–CR also alleged the following violations:

(i) CHARLES DANTE BRIGHTMON did violate condition (i) in that he did not pay community supervision fees as directed and is currently delinquent $420.00.

(k) CHARLES DANTE BRIGHTMON did violate condition (k) in that he did not pay the Crime Stoppers payment as ordered by the court and is currently delinquent $50.00.

(n) CHARLES DANTE BRIGHTMON did violate condition (n) in that he did not pay the Urinalysis fee as ordered by the court and is currently delinquent $70.00.

On July 29, 2012, the State filed an amended motion in the three 2011 cases that added the following alleged violation:

(c) CHARLES DANTE BRIGHTMON did violate condition (c) in that he did not refrain from contact with persons or places of disreputable or harmful character. He did associate with individuals who commit offenses against the laws of this state and/or the United States.

On August 23, 2013, appellant pleaded not true to the allegations in the motions to revoke his community supervision. Appellant pleaded nolo contendere to the May 6, 2013 aggravated assault with a deadly weapon offense, after which the trial court heard evidence regarding this offense. The hearing continued on August 26, 2013, at which time the court, after hearing the evidence, found appellant guilty of the offense as alleged in the indictment and sentenced him to confinement for ten years. In the 2011 cases, the court found that appellant "violated the conditions set out in the State's motion," granted the motions to revoke, and sentenced appellant to confinement for ten years in each case. The trial court made a finding of a

deadly weapon, a firearm, in the 2011 cases. The trial court also found that appellant used or exhibited a deadly weapon in the 2013 case, as alleged in the indictment. All of the sentences were ordered to run concurrently.

Although the trial court found that appellant "violated the conditions set out in the State's motion," it did not specify which conditions of community supervision he violated. The trial court's docket sheets for the 2011 cases state that appellant was found to have violated conditions A, C, L, and P of community supervision "as alleged in the *Amended Motion*," and that the amended motion was granted. However, the judgments in the 2011 cases recite that appellant "violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt."[1] Where there is a conflict between the docket entries and the recitations in the judgment, the recitations in the judgment control. *See Flores v. State*, 524 S.W.2d 71, 72 (Tex. Crim. App. 1975) ("The judgment controls over the recitations made on the court's docket when there is a conflict between them."); *State v. Bingham*, 921 S.W.2d 374, 375 n. 4 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) ("When the court's judgment conflicts with other portions of the record, the judgment controls."); *Harrington v. Harrington*, 742 S.W.2d 722, 724 (Tex. App.—Houston [1st Dist. 1987, no writ) ("Recitals in a judgment or signed order of the court control over a conflicting docket entry."). As a result, appellant was found to have violated conditions (a), (l), and (p) in 05–13–01371–CR and 05–13–01373–CR, and conditions (a), (i), (k), (l), (n), and (p) in 05–13–01372–CR.

## DISCUSSION

### *Revocation of Community Supervision*

In his first three issues, appellant contends the trial court abused its discretion in each of

---

[1] There is no motion attached to the judgments.

the 2011 cases by revoking appellant's community supervision based on the State's allegation that appellant failed to complete his community service hours (condition (l)). In issues four, five, and six, appellant argues that the court abused its discretion by revoking community supervision in the 2011 cases based on the allegation that appellant failed to complete anger management (condition (p)).

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence. *Id*. at 763–64. We view the evidence presented at the revocation proceeding in a light most favorable to the trial court's ruling, and it is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true or not. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.) (en banc). A finding that the defendant violated a single condition of community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)); *see also Lee*, 952 S.W.2d at 897.

In this case, appellant challenges the sufficiency of the evidence supporting the violation of conditions (l) and (p) by arguing that the State failed to prove he violated those conditions of his community supervision. Appellant, however, does not challenge the trial court's revocation of community supervision based on his violation of condition (a), which is common to all three of the 2011 cases, i.e., that he violated "the laws of the State of Texas in that on or about 05/06/2013 in Dallas County, Texas, he did commit the offense of Aggravated Assault with a

Deadly Weapon." The trial court found appellant guilty of committing this offense: "The Court, having considered the evidence in cause number [05–13–01374–CR], the Court finds you guilty beyond a reasonable doubt of aggravated assault with a deadly weapon as alleged in the indictment." The trial court also found that appellant violated condition (a): "In the remaining three cases, the Court finds that you have violated the conditions set out in the State's motion." The court thereupon granted the motions to adjudicate and found appellant guilty in the three 2011 cases.

To prevail on appeal, an appellant must successfully challenge all of the findings that support the revocation order. *See Jones*, 571 S.W.2d at 193–94. Accordingly, because any single unchallenged ground will support revocation, we need not determine whether the trial court erred by finding appellant violated conditions (l) and (p) of his community supervision. *See id.* ("[S]ince there was sufficient evidence to show that appellant violated condition number 15, this contention [that the evidence is insufficient to show appellant violated condition 2] need not be considered."); *Reasor v. State*, 281 S.W.3d 129, 134 (Tex. App.—San Antonio 2008, pet. ref'd); *Albolaez v. State*, No. 05–09–01355–CR, 2011 WL 477914, at *3 (Tex. App.—Dallas Feb. 11, 2011, no pet.) (not designated for publication). We overrule appellant's issues one through six.

In his seventh issue, appellant argues that the trial court abused its discretion by revoking community supervision in 05–13–01372–CR for failing to pay the community supervision fees (condition (i)), the crime stoppers payment (condition (k)), and the urinalysis fee (condition (n)). Appellant's contention is that the State failed to present any evidence that he failed to pay his fees, and the trial court failed to conduct an inquiry into appellant's ability to pay the fees. Citing *Bearden v. Georgia*, 461 U.S. 660 (1983), appellant argues that a trial court must inquire into the ability of a defendant to pay fees that the court orders him to pay before revoking based

on a failure to pay, and that it is violation of the Due Process and Equal Protection Clauses of the U.S. Constitution for a trial court to fail to make such an inquiry.

We need not reach appellant's argument regarding his inability to pay the fees. It is true that when the sole basis for revocation of community supervision is a failure to pay a fine or restitution, there must be evidence that the probationer willfully refused to pay or failed to make bona fide efforts to legally acquire the resources to pay. *See id*. at 672–73; *Lively v. State*, 338 S.W.3d 140, 144 (Tex. App.—Texarkana 2011, no pet.); *Weeks v. State*, No. 06–12–00110–CR, 2013 WL 557015, at *8 n. 12 (Tex. App.—Texarkana Feb. 14, 2013, no pet.) (mem. op., not designed for publication); *Velasquez v. State*, No. 11–10–00299–CR, 2012 WL 4849140, at *1 (Tex. App.—Eastland Oct. 11, 2012, pet. ref'd) (mem. op., not designated for publication). But the State's motion to revoke in 05–13–01372–CR contained other alleged violations in addition to a failure to pay fees, and appellant does not contest the trial court's revocation of community supervision and adjudication of guilt based on his violation of condition (a)—the May 6, 2013 aggravated assault with a deadly weapon case. That condition had nothing to do with appellant's ability to pay, and, as we have noted, the unchallenged ground is sufficient to support revocation. We thus conclude the trial court did not abuse its discretion by revoking appellant's community supervision. We overrule appellant's seventh issue.

### *Modifications of Judgments*

In the alternative, appellant requests that we modify the judgments in 05–13–01371–CR, 05–13–01372–CR, and 05–13–01373–CR to reflect the conditions of community supervision that the trial court found he violated. As we noted earlier, the trial court's judgments recite that appellant violated "the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt." However, no motion is attached to the judgments. Hence, we will reform the judgments in 05–

13–01371–CR and 05–13–01373–CR to show that appellant violated conditions (a), (l), and (p), as alleged in the State's original motion to adjudicate guilt, and that in 05–13–01372–CR, appellant violated conditions (a), (i), (k), (l), (n), and (p), as alleged in the State's original motion to adjudicate guilt. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd); *Manimoi v. State*, No. 05–12–00586–CR, 2013 WL 4624820, at *1 (Tex. App.—Dallas Aug. 2, 2014, pet. ref'd) (mem. op., not designated for publication).

In his eighth, ninth, tenth, and eleventh issues, appellant seeks additional modifications of the trial court's judgments. In the 2011 cases (issues nine, ten, and eleven), appellant points out that the judgments erroneously state that he entered a plea of true to the State's motion to adjudicate and that the terms of a plea bargain were for "10 YEARS TDC." He actually pleaded "not true" to the allegations in the motions and there was no plea agreement. In the 2013 case (issue eight), the judgment erroneously reflects a guilty plea for the plea to the offense and that the terms of a plea bargain were for "10 YEARS TDC; NO FINE." Appellant actually pleaded "no contest" to the indictment in the 2013 case and there was no plea agreement.

We sustain appellant's eighth, ninth, tenth, and eleventh issues. We modify the trial court's judgments in 05–13–01371–CR, 05–13–01372–CR, and 05–13–01373–CR so that under "Plea to Motion to Adjudicate," the word "TRUE" should be changed to "NOT TRUE," and that under "Terms of Plea Bargain," the words "10 YEARS TDC" should be changed to "NONE." In addition, we modify the judgment in 05–13–01374–CR so that under "Plea to Offense," the word "GUILTY" should be changed to "NOLO CONTENDERE," and that under "Terms of Plea Bargain," the words "10 YEARS TDC; NO FINE" should be changed to "NONE." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

In two cross-points, the State argues that additional modifications should be made to the

judgments in 05–13–01374–CR and 05–13–01372–CR. The State's first cross-point argues that we should reform the judgment in 05–13–01374–CR for "Findings on a Deadly Weapon" to show "Yes, a Motor Vehicle." The indictment alleged that appellant committed aggravated assault with a deadly weapon by "STRIKING COMPLAINANT WITH DEFENDANT'S MOTOR VEHICLE AND BY PINNING COMPLAINANT BETWEEN 2 MOTOR VEHICLES WITH DEFENDANT'S MOTOR VEHICLE." The indictment also alleged that appellant used and exhibited a deadly weapon, "to-wit: a DEFENDANT'S MOTOR VEHICLE, during the commission of the assault." Appellant pleaded nolo contendere to the offense as alleged in the indictment. The docket sheet for the case shows the trial court made an affirmative finding that a motor vehicle was used as a deadly weapon. The judgment states that appellant was convicted of "AGGRAVATED ASSAULT/DEADLY WEAPON," and the second page of the judgment recites that appellant "used or exhibited a deadly weapon, namely, motor vehicle, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited." But the first page of the judgment states, under the heading of "Findings on Deadly Weapon," "N/A." Because the necessary information appears in the record before us, we modify the judgment of conviction to include a deadly weapon finding. *See Asberry*, 813 S.W.2d at 529–30 (reforming judgment on State's cross-point to add deadly weapon finding). We therefore sustain the State's first cross-point and modify the judgment in 05–13–01374–CR to change the "N/A" under "Findings on Deadly Weapon" to read "YES, A MOTOR VEHICLE."

The State's second cross-point argues that the judgment in 05–13–01372–CR should be reformed to show a special finding of family violence. The indictment in that case alleged that "the said defendant has and has had a dating relationship with the said complainant and the said defendant was a member of the complainant's family and household." Appellant signed a

judicial confession and pleaded guilty to the offense as alleged in the indictment. The order of deferred adjudication recites the following special finding of family violence: "THE COURT FINDS THAT DEFENDANT WAS PROSECUTED FOR AN OFFENSE UNDER TITLE 5 OF THE PENAL CODE THAT INVOLVED FAMILY VIOLENCE. TEX. CODE CRIM. PROC. ART. 42.013." During the August 2013 hearing, the trial court made a family violence finding. The judgment adjudicating guilt, however, does not include such a finding.

The Texas Code of Criminal Procedure directs a trial court, if it determines that a Title 5 offense against a person involves family violence, to make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case. TEX. CODE CRIM. PROC. ANN. art. 42.013. If the judgment does not reflect the trial court's finding of family violence, we will modify the judgment to do so. *See Juarez v. State*, No. 05–12–01504–CR, 2014 WL 5475352, at *2 (Tex. App.—Dallas Oct. 30, 2014, pet. ref'd) (mem. op., not designated for publication); *Sanchez v. State*, No. 05–09–00376–CR, 2011 WL 104513, at *3 (Tex. App.—Dallas Jan. 13, 2011, no pet.) (not designated for publication); *Anderson v. State*, No. 05–08–00864–CR, 2009 WL 3740783, at *4 (Tex. App.—Dallas Nov. 10, 2009, no pet.) (mem. op., not designated for publication). Accordingly, we sustain the State's second cross-point and modify the judgment in 05–13–01372–CR to reflect the trial court's special finding on family violence under article 42.013.

As modified, we affirm the trial court's judgments.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131371F.U05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

| | |
|---|---|
| CHARLES DANTE BRIGHTMON, Appellant | On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F11-59566-R. |
| No. 05-13-01371-CR    V. | Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans |
| THE STATE OF TEXAS, Appellee | participating. |

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"PLEA TO MOTION TO ADJUDICATE:  TRUE" should be changed to "PLEA TO MOTION TO ADJUDICATE:  NOT TRUE."

"TERMS OF PLEA BARGAIN:  10 YEARS TDC"  should be changed to "TERMS OF PLEA BARGAIN:  NONE."

The recitation that "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt" should be changed to "While on community supervision, Defendant violated the terms and conditions of community supervision (a), (l), and (p) as set out in the State's ORIGINAL Motion to Adjudicate Guilt."

As **REFORMED**, the judgment is **AFFIRMED**. We direct the trial court to prepare a new judgment that reflects these modifications.

Judgment entered this 12th day of June, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES DANTE BRIGHTMON,
Appellant

No. 05-13-01372-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-59567-R.
Opinion delivered by Justice Myers. Chief
Justice Wright and Justice Evans
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"PLEA TO MOTION TO ADJUDICATE:  TRUE" should be changed to "PLEA TO MOTION TO ADJUDICATE:  NOT TRUE."

"TERMS OF PLEA BARGAIN:  10 YEARS TDC"  should be changed to "TERMS OF PLEA BARGAIN:  NONE."

THE COURT FINDS THAT DEFENDANT WAS PROSECUTED FOR AN OFFENSE UNDER TITLE 5 OF THE PENAL CODE THAT INVOLVED FAMILY VIOLENCE.  TEX. CODE CRIM. PROC. ART. 42.013.

The recitation that "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt" should be changed to "While on community supervision, Defendant violated the terms and conditions of community supervision (a), (i), (k), (l), (n), and (p) as set out in the State's ORIGINAL Motion to Adjudicate Guilt."

As **REFORMED**, the judgment is **AFFIRMED**. We direct the trial court to prepare a new judgment that reflects these modifications.

Judgment entered this 12th day of June, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

| | |
|---|---|
| CHARLES DANTE BRIGHTMON, Appellant | On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F11-59568-R. |
| No. 05-13-01373-CR     V. | Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans participating. |
| THE STATE OF TEXAS, Appellee | |

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"PLEA TO MOTION TO ADJUDICATE:  TRUE" should be changed to "PLEA TO MOTION TO ADJUDICATE:  NOT TRUE."

"TERMS OF PLEA BARGAIN:  10 YEARS TDC"  should be changed to "TERMS OF PLEA BARGAIN:  NONE."

The recitation that "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt" should be changed to "While on community supervision, Defendant violated the terms and conditions of community supervision (a), (l), and (p) as set out in the State's ORIGINAL Motion to Adjudicate Guilt."

As **REFORMED**, the judgment is **AFFIRMED**. We direct the trial court to prepare a new judgment that reflects these modifications.

Judgment entered this 12th day of June, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES DANTE BRIGHTMON, Appellant

No. 05-13-01374-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-56195-R.
Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"PLEA TO OFFENSE:  GUILTY" should be changed to "PLEA TO OFFENSE: NOLO CONTENDERE."

"TERMS OF PLEA BARGAIN:  10 YEARS TDC; NO FINE" should be changed to "TERMS OF PLEA BARGAIN:  NONE."

"FINDINGS ON DEADLY WEAPON:  N/A" should be changed to "FINDINGS ON DEADLY WEAPON:  YES, A MOTOR VEHICLE."

As **REFORMED**, the judgment is **AFFIRMED**. We direct the trial court to prepare a new judgment that reflects these modifications.

Judgment entered this 12th day of June, 2015.